UNITED STATES, Appellant

v

JAMES McDONALD, JR., Private,
U. S. Marine Corps, Appellee

6 USCMA 575, 20 CMR 291

No. 7354

Decided December 21, 1955

*Commander Edmund Burke, Jr.,* USN, argued the cause for Appellant, United States. With him on the brief was *Commander Lewis N. Evans,* USN.

*Captain Richard D. Humphreys,* USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This case is before us on a certificate of The Judge Advocate General of the Navy pursuant to Article 67(b)(2), Uniform Code of Military Justice, 50 USC § 654. The issue involved is of little consequence to the accused as the board of review affirmed modified findings and sentence, and reduced the period of confinement by two months. However, because the opinion of the board of review is based on a possible misinterpretation of the law, there is an issue of importance to the Government.

The accused was charged and convicted of the crime of desertion. The specification set out the offense in the following language:

"In that James (n) McDonald, junior, . . . did, on or about 31 January 1955, without proper authority and with intent to remain away therefrom permanently, absent himself from his organization, to wit: First Battalion, First Infantry Training Regiment, Marine Corps Base, Camp Lejeune, North Carolina, and did remain so absent in desertion until he was apprehended and delivered to military authorities on or about 25 April 1955."

After the court returned the finding of guilty, it sentenced the accused to a bad-conduct discharge, total forfeitures, and confinement at hard labor for one year. The convening authority approved, but the board of review found there was error on the part of the law officer in not giving more complete instructions on the method of return to military control. It, therefore, affirmed a finding of desertion, terminated by surrender, and affirmed a slightly reduced sentence. The Judge Advocate General of the Navy thereupon certified the cause to us to determine whether the board of review erred in holding the instructions to be insufficient.

The instructional charge was given to the court-martial by the law officer and upon its completion defense counsel was asked whether he desired any additional instructions. He apparently was

satisfied as he replied in the negative. Included in the charge was the following statement on the requirement of apprehension:

"The court is advised that the elements of the offense for which the accused is on trial are as follows: one specification alleging desertion . . . and, that his desertion, if any, was of a duration and was terminated as alleged, this specification alleges termination by apprehension."

## II

As we read the board of review decision, it apparently misunderstands our decision in United States v Nickaboine, 3 USCMA 152, 11 CMR 152, for it quotes the following language from that case as authority for its present holding:

". . . It is perfectly true that the fact of apprehension is not an element of the offense of desertion, but rather in the nature of an aggravating circumstance. Yet to justify the imposition of the greater punishment provided in such a case, it is necessary under service authorities that this fact be (1) alleged in the specification, (2) covered by instructions, and (3) established as a part of the Government's case beyond a reasonable doubt."

The Table of Maximum Punishments authorizes a greater period of confinement if an accused is apprehended; and it is apparent from the above quotation that we mention three requirements which we believe must be met before the greater punishment may be imposed. We did not, however, in laying down the second requirement intend to suggest that the law officer must spell out in his instruction every imaginary issue which might be raised by a hypothetical case of apprehension. All we there intended to say was that before the court-martial would be justified in considering the method of return for sentencing purposes, it must be informed intelligently that it was required to find beyond a reasonable doubt that the accused was apprehended.

While the board of review decision does not inform us specifically wherein the law officer erred, we assume from the tenor of its opinion that the deficiency is found in his failure to define the word "apprehension" without request. There are two distinct principles which we have announced that make such a contention untenable.

We believe the law is now well understood that the duty placed upon the shoulders of a law officer to instruct sua sponte goes no further than to require him to do this: (1) give the court-martial guidance upon all elements of the offense; and (2) give instruction upon those issues which are raised reasonably by the evidence and are so closely interwoven into the pattern of the crime that the court-martial could not fairly determine guilt or innocence without being advised to consider and decide the issue within the limitations laid down. See United States v Simmons, 1 USCMA 691, 5 CMR 119; United States v Majia, 2 USCMA 616, 619, 10 CMR 114; United States v St. Pierre, 3 USCMA 33, 36, 11 CMR 33, 36; United States v Robinson, 4 USCMA 488, 493, 16 CMR 62. That is as far as we have been willing to go in that direction. The other fixed principle is that instructions defining words of common usage, military terms and phrases well known in the services, and matters in clarification, or amplification, need not be given without a request on the part of the accused. In the early case of United States v Phillips, 3 USCMA 137, 11 CMR 137, we charted the path we have since followed. There we said:

"The board of review relied largely upon our decision in United States v Gilbertson (No. 318), 1 USCMA 465, 4 CMR 57, decided July 22, 1952. In that case we reversed a finding of guilty of misbehavior before the enemy on the grounds that the term 'misbehavior' as used in the instruction contained no legal standard by which the actions of the accused could be measured. We need not decide whether the principle announced in that case should be here

**577**

applied for the reason that since the board of review handed down its decision, this Court, all Judges concurring, has announced a rule that, without a request being made therefor, failure on the part of the law officer to clarify or elaborate upon the meaning of words used in an instruction is not reversible error. See United States v Day (No. 703) 2 USCMA 416, 9 CMR 46, decided April 30, 1953, and United States v Felton (No. 1639), 2 USCMA 630, 10 CMR 128, decided June 12, 1953. That rule is controlling in this instance and answers the certified question."

Those two lines of approach having been closed, we either fail to grasp the theory relied on by the board of review or it has misapplied a principle. It could be that the board concluded the word "apprehension" has a technical meaning which took it out from under the general rules. That possibility will not stand the test of critical examination for several reasons. First, we are reasonably certain that officers of the military understand full well, as a factual matter, that a desertion can only be terminated by either apprehension or surrender. There is little likelihood that they would misunderstand the terms as they are used daily in the military service. Furthermore, it is difficult to believe that members of a court-martial would confuse a voluntary return with apprehension because the latter was not defined by the instructions as an involuntary return to military service. But, more important to this decision, there is no dispute in the facts and no issue was developed over the method of return. The evidence established conclusively that the accused was apprehended at his home and turned over to military authorities. How, then, could the court-martial have been confused on finding a fact when it was undisputed? Pretermitting the essential elements of an offense, we have refused repeatedly to reverse cases when an instruction was not given on a matter which was not raised reasonably as an issue. United States v Majia, supra. Here the court-martial was informed it must find the desertion was terminated by apprehension before the greater penalty could be imposed, and, in the absence of a request for more detailed guidance, that is sufficient to meet minimal instructional requirements.

The certified question is answered in the affirmative. The record is returned to The Judge Advocate General of the Navy for reference to a board of review for further action in accordance with this opinion.

Chief Judge QUINN and Judge BROSMAN concur.