UNITED STATES, Appellee

v

ARTHUR E. McENANY, II, First Lieutenant, U. S. Army, Appellant

19 USCMA 556, 42 CMR 158

No. 22,737

July 10, 1970

*Captain Robert A. Savill* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain Bernard J. Casey,* and *Captain Lee A. Rau.*

*Captain Mark Rosenberg* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

QUINN, Chief Judge:

On his plea of guilty, the accused was convicted of a number of offenses in violation of the Uniform Code of Military Justice and was sentenced to be dismissed from the service, to forfeit all pay and allowances, and to be confined at hard labor for five years. The convening authority approved the findings of guilty, but modified the sentence by reducing the period of confinement to three years, to conform the sentence to that provided in the pretrial agreement with the accused. Thereafter, the United States Army Court of Military Review set aside certain findings of guilty as contrary to its opinion in United States v Underwood, 41 CMR — (ACMR 1969), and the earlier decision of this Court in United States v Baker, 18 USCMA 504, 40 CMR 216 (1969); it also modified the sentence by reducing the period of confinement to two years. We are asked to set aside the pleas of guilty to Charge I and its specification and to specifications 5 and 6 of Charge III, on the ground they were improvidently entered.

Laid as a violation of Article 92, Code, supra, 10 USC § 892, the specification of Charge I alleges that, while acting as postal officer of the 575th Army Postal Unit in Vietnam, the accused conspired with enlisted postal clerks to engage in conduct prohibited by paragraph 5b, United States Military Assistance Command, Vietnam, Directive 65–5, dated March 9, 1968, regulating the sale of postal money orders to any one individual in excess of $200.00, per month. The accused contends the regulation is advisory, not compulsory, in nature, and cannot be the subject of a violation of Article 92. United States v Baker, supra, is cited in support of the contention. In opposition, the Government maintains that *Baker* is inapplicable for several reasons. Among others, it maintains that the regulation is different from the regulation before the Court in *Baker,* and the provisions of the present regulation explicitly define conduct prohibited to personnel of Army post offices in Vietnam.

MACV Directive 65–5 notes that it supersedes Directive 65–50, which was involved in the *Baker* case. Like its predecessor, the new regulation is titled Postal Service Money Order Service, but unlike the earlier regulation the stated purpose of the directive is, as the Government points out, significantly different in that it does not merely "establish procedures" as to United States Money Order transactions but also "prescribe[s] rules" for that purpose. Other material changes are apparent in various provisions of the directive. Under the heading "Responsibilities," for example, the predecessor directive provided for implementation of the regulation by subordinate commanders; in the new directive, this heading contains material directed specifically to postal clerks and other postal personnel and provides they "will comply with those provisions of this directive pertaining to postal money order transactions." Where the antecedent directive set out the restrictions on the dollar value of money orders that could be purchased each month under a caption titled "Policies," the provision in the new directive appears under the caption "Prohibitions." The language of the new directive leaves no doubt that the conduct it specified for postal personnel was mandatory. The prohibited conduct is described clearly and reasonable persons would have no difficulty in understanding what could not be done.[1] United States v Curtin, 9 USCMA 427, 26 CMR 207 (1958).

---

[1] Paragraph 5b of the directive, which is the subject of the conspiracy specification, provides in material part as follows:

"The total dollar value of US currency or dollar instruments (postal money orders, US Treasury checks, banking paper, military payment orders, etc.) purchased with cash and cash deposits made to Military Banking Facilities (MBF) or Uniformed Services Savings Deposit

Specifications 5 and 6, Charge III, deal with MACV Directive 37–6, dated April 17, 1968, as amended. Specification 5 alleges a violation of paragraph 8, in that the accused had in his possession Military Payment Certificates in excess of the total pay be received the previous month.[2] Specification 6 alleges a violation of paragraph 13a, in that the accused wrongfully had in his possession $400.00, in United States currency.[3] We considered both provisions in United States v Benway, 19 USCMA 345, 41 CMR 345 (1970), which was pending decision by this Court at the time we granted the accused's petition for review. In our opinion in *Benway,* we noted that Directive 37–6 was "basically regulatory," and we concluded that each of the provisions in issue was "intended as a sanction." We also determined that the directive as a whole gave "adequate notice" that violation of its mandatory provisions was punishable conduct. *Id.,* at pages 347, 348. It follows, therefore, that this aspect of the accused's attack upon the providency of his pleas of guilty also lacks merit.

The decision of the United States Army Court of Military Review is affirmed.

Judges FERGUSON and DARDEN concur.

---

Program (USSDP) in any one month will not exceed $200.00. (Cash deposits to the USSDP made simultaneously with receipt of pay allowances or bonuses will not be subject to the $200.00 monthly limitation.) Postal clerks will examine each MACV Form 385 (Currency Control Form) prior to issuing postal money orders to the patron. He will not knowingly sell postal money orders to anyone if the amount of the sale would result in the cash purchase of dollars, dollar instruments and cash deposits to MBF or USSDP totaling more than $200.00 during a single month. Specifically, the dollar amount of transactions described above will be taken into consideration in reaching the $200.00 monthly limitation. The combination of such transactions, including postal money orders, shall not exceed $200.00 during any one month."

[2] Paragraph 8 provides as follows: "US authorized personnel shall not have in their possession an amount of MPC (Scrip) greater than is consistent with their legitimate requirements for such currency, and in no case shall an individual have in his possession in [sic] amount of MPC in excess of $1000 unless the total of his last previous monthly pay actually drawn in-country exceeded $1000."

[3] Paragraph 13a provides in material part as follows:

"Upon arrival in the RVN all US authorized personnel must declare the total amount of US currencies and dollar instruments in their possession. All US currency and dollar instruments then will be converted to MPC and/or personal accommodation rate piasters at the point of entry into the RVN. No US currency or dollar instruments, except designated coins, will be in the possession of US authorized personnel after their arrival in the RVN unless specifically authorized by this or other MACV directives."