UNITED STATES, Appellee

v

WALLACE R. BROOKS, Major, U. S. Air Force, Appellant

20 USCMA 28, 42 CMR 220

No. 22,664

August 21, 1970

 

*George W. Latimer, Esquire,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Bertram Jacobson* and *Major William H. Seckinger.*

*Major Donald B. Strickland* argued the cause for Appellee, United States. With him on the brief was *Colonel James M. Bumgarner.*

## Opinion of the Court

QUINN, Chief Judge:

The United States Air Force Court of Military Review dismissed certain of the charges of which the accused was convicted by general court-martial convened at Clark Air Base, Republic of the Philippines, and modified others. It also mitigated the sentence from dismissal and forfeiture of all pay and allowances to a fine of $1,500.00. On this appeal, the accused contends that four other specifications of which he was convicted should have been dismissed.

Specification 3, Additional Charge II, alleges that between March 11, 1968, and July 19, 1968, the accused stole furniture and equipment belonging to the Central Base Fund of Clark Air Base. The court-martial acquitted the accused of the larceny charge, but found him guilty of the lesser offense of wrongful appropriation, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The evidence indicates the accused obtained various articles from the General Supply Officer of the Central Base Fund, and had the property transported to private off-base premises occupied by him. The Court of Military Review determined there was insufficient evidence of unauthorized use of some of the articles and excepted them from the findings of guilty. As to the remaining articles, which consisted of two chairs, three sofas, and a filing cabinet, it concluded the accused had acquired them from the General Supply Officer as part of "an official . . . not a personal" account so that his use of the items "constituted a conversion," within the meaning of Article 121. In our opinion, this conclusion is predicated upon too narrow a reading of the record of trial. See United States v Peterson, 1 USCMA 317, 319, 3 CMR 51 (1952).

At the time the accused checked out the articles in issue, base personnel could obtain such property from the General Supply Officer for personal use under a policy established by the Chief of Personnel Services. The evidence supports the inference that the Chief of Personnel Services could properly allow the practice, and there is no evidence to indicate the accused knew or believed that this policy was invalid. See United States v Thornton, 8 USCMA 446, 24 CMR 256 (1957). About twenty such personal loan accounts were maintained by the General Supply Officer. The loan policy was cancelled in August 1968, and notification thereof appeared in a number of issues of the daily bulletin published for the information of base personnel. As the Court of Military Review noted in its opinion, after cancellation of the policy, the accused

**29**

took "prompt steps to return the property." Viewing all the evidence relating to the accused's acquisition and use of the articles in issue, we cannot conclude that it supports, beyond a reasonable doubt, a finding that he wrongfully took or withheld the property with the intent temporarily to deprive the Central Base Fund of its possession or use. United States v Lutgert, 18 USCMA 382, 40 CMR 94 (1969).

Three of the four remaining specifications of which the accused stands convicted allege a violation of paragraph 7, Air Force Regulation 30-30, dated June 28, 1966 (specifications 3, 4, and 5, Additional Charge I). Appellate defense counsel contend that the regulation is unenforceable because it is vague as to the conduct it purports to regulate, and that in any event it is "only advisory in nature." United States v Hogsett, 8 USCMA 681, 25 CMR 185 (1958); United States v Baker, 18 USCMA 504, 40 CMR 216 (1969); cf. United States v McEnany, 19 USCMA 556, 42 CMR 158 (1970).

The regulation is predicated upon Executive Order No. 11222, 3 CFR, 1964–1965 Compilation, page 306, which prescribes "Standards of Ethical Conduct for Government Officers and Employees," and Department of Defense Directive, 5500.7, August 8, 1967, on the same subject. Paragraph 7 of the regulation provides as follows:

"**Use of Government Facilities, Property, and Manpower.** Air Force personnel will not directly or indirectly use, or allow the use of, Government property of any kind, including property leased to the Government, for other than officially approved activities. Government facilities, property, and manpower, such as stenographic and typing assistance, mimeograph and chauffeur services, may be used only for official Government business. Air Force personnel have a positive duty to protect and conserve Government property, including equipment, supplies, and other property entrusted to them. This paragraph is not intended to preclude the use of Government facilities for activities which would further military-community relations provided they do not interfere with military missions."

In their brief appellate defense counsel make two concessions. First, they concede that "some of the language" of paragraph 7 may properly be construed as "mandatory." Secondly, they acknowledge that a violation of the regulation subjects the offender to such sanctions "as discharge, censure, . . . or reprimand." These concessions would appear to be destructive of counsel's contention as to the vagueness of the regulation, since the "most fundamental postulates of our legal order forbid the imposition of a penalty for disobeying a command that defies comprehension." Longshoremen's Asso. v Marine Trade Asso., 389 US 64, 76, 19 L Ed 2d 236, 88 S Ct 201 (1967). We put aside the concessions, however, to determine whether the regulation is either too uncertain or too broad to constitute a valid penal prohibition.

The regulation has been considered by Air Force tribunals in a number of cases. Some parts of the regulation have been sustained (United States v McLeod, 18 CMR 814 (AFBR 1955); see also United States v Volker, 23 CMR 926 (AFBR 1957)); other provisions have been held to be no more than hortatory pronouncements. United States v Henderson, 36 CMR 854 (AFBR 1965). A regulation which combines advice with command is not thereby excluded from the class of regulations which make persons subject to its terms liable to punishment under Article 92, Code, supra, 10 USC § 892, for violation of its mandatory provisions. A regulation, however, may so indiscriminately combine precept and pedagogics as not to provide fair notice of its penal nature to those subject to its terms. See United States v Baker, supra. Air Force Regulation 30-30 may have deficiencies, but it does not suffer from faults of insufficient notice and inadequate command.

The regulation provides that all Air Force personnel "will familiarize themselves and comply" with ■ "all of section A." Paragraph 7 is part of section A. Judge Halicki, writing for a unanimous Court of Military Review, determined that those provisions of paragraph 7 in issue in this case did not suffer from vagueness or overbreadth. His opinion sufficiently reflects our own construction of the regulation to constitute an adequate response to the accused's contentions. The pertinent part of Judge Halicki's opinion is as follows:

"The defense contend the words 'officially approved activities' and 'official Government business' are undefined, thereby making the paragraph too vague and uncertain to be enforceable as a penal statute. We do not agree.

"A statute will not be declared void for vagueness and uncertainty where the meaning thereof may be implied, or where it employs words in common use, or words commonly understood, or a technical or other special meaning well enough known to enable persons within the reach of the statute to apply them correctly, or an unmistakable significance in which they are employed. 50 Am Jur, Statutes, sec 473. In this case we find that the words involved are words of common usage and understanding, and have a meaning well enough known to those within the reach of the regulation to apply them correctly. The phrases are commonly used throughout the service, and clearly imply that the activities or business referred to must not be of a personal nature, but must be of a type sanctioned by competent authority, law, regulation or custom. Cf. United States v McDonald, 6 USCMA 575, 20 CMR 291; United States v Phillips, 3 USCMA 137, 11 CMR 137; United States v Dejewski, 3 USCMA 53, 11 CMR 53; United States v Gal-loway, CM 353607, 8 CMR 323, affirmed, 2 USCMA 433, 9 CMR 63.

"The words 'will not' in paragraph 7 are manifestly words of prohibition, reflecting the mandatory nature of the provision. Although the second sentence of paragraph 7 makes use of the word 'may', normally considered permissive, in context the word must be construed in a mandatory sense, since this would appear to be the intention of the draftsman. Government facilities, property and manpower are the subject matter of the sentence, and it would be unreasonable to say that the requirement they be used *only* for official Government business is permissive and not mandatory. 50 Am Jur, Statutes, sec 29–31; 3 Sutherland Statutory Construction, 3d Ed, sec 5814.

"Moreover, we find that the provisions of paragraph 7 which were violated by the accused are not advisory or instructional, as argued by the defense, but a direct prohibition of the activities set out. . . .

"Accordingly, we find that the portions of AFR 30–30 pertinent to our determination of the issues involved are not mere guides setting out instructions or advice, but rather are mandatory provisions enforceable as a penal statute."

The decision of the United States Air Force Court of Military Review is reversed as to specification 3, Additional Charge II, and the sentence. The findings of guilty of specification 3, Additional Charge II, are set aside, and that specification is ordered dismissed. We return the record of trial to the Judge Advocate General of the Air Force for submission to the Court of Military Review for reassessment of the sentence upon the basis of the remaining findings of guilty.

Judges FERGUSON and DARDEN concur.