UNITED STATES

v.

Specialist Four Sherman B. STEWART, 276–46–7075, U. S. Army, Company A, U. S. Army Medical Department Activity, Japan, APO San Francisco 96331.

CM 431672.

U. S. Army Court of Military Review.

10 Nov. 1975.

Appearances: Appellate counsel for the Accused: CPT Anthony J. Siano, JAGC; COL Victor A. De Fiori, JAGC. Appellate counsel for the United States: CPT Gregory M. Van Doren, JAGC; CPT James R. Anthony, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

JONES, Senior Judge:

At his trial by general court-martial, with members, at Fort Buckner, Okinawa, Japan, the appellant was convicted of larceny, burglary, assault with a dangerous weapon, and violation of a lawful general regulation, in violation of Articles 121, 129, 128 and 92 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921, 929, 928 and 892. He was acquitted of an absence without leave.

The court sentenced the appellant to be confined at hard labor for five years, to forfeit all pay and allowances and to be discharged from the service with a bad-conduct discharge. The convening authority approved the sentence but applied the forfeitures only to pay.

We are reviewing the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866. The primary concerns of this review are (a) the military judge's denial of a defense challenge of the judge for cause and his contemporaneous refusal to approve a request for trial by military judge alone, and (b) the punitive or nonpunitive nature of the general regulation which appellant has been convicted of violating.

### I

When the trial counsel furnished the military judge a copy of the charge sheet and inquired whether the military judge was aware of any matters which might be grounds for challenge against him, the military judge stated that he had sat on a companion case a few days before in which the accused, Private Ballard, had pleaded guilty. Defense counsel asked to see a transcript of the providency inquiry in that case prior to making a decision with respect

to a challenge against the military judge. The military judge then agreed to a recess.[1]

When the Article 39(a) session was reconvened, the defense counsel challenged the military judge for cause, citing paragraph 62f, Manual for Courts-Martial, United States, 1969 (Revised edition). In support of that challenge, defense counsel noted that the military judge might become a witness for the prosecution by authenticating the record of trial in the *Ballard* case (62f(4));[2] might become a witness for the defense should Ballard testify for the prosecution (62f(13)); and may have formed an opinion on guilt or innocence from the providency inquiry in *Ballard* 62f(4)). Finally, defense counsel stated that the military judge should be liberal in granting challenges for cause, and requested that a new judge be detailed.

In denying the challenge, the military judge explained that although he determined the guilty plea to be provident in the companion case, he could be completely impartial in this case, he had no bias against this accused, and this case would rest on its own merits. He also stated, however, that he would not approve a request for trial by military judge alone.

At the appropriate point in the proceedings when the appellant was asked about a request for trial by military judge alone, the defense counsel stated that the judge's action had effectively precluded him from making an election. The trial then proceeded with court members.

Appellant maintains that the military judge's foreclosure of appellant's option of trial by military judge alone was based upon the military judge's conclusion that his earlier participation in *Ballard* precluded his acting as a finder of fact in appellant's case. He asserts that if the military judge's prior participation tainted his ability to sit as a trier of fact, then the proper

course of conduct was recusal and not a denial of both the challenge and the judge alone trial option. Appellant further contends that, assuming denial of the challenge for cause to be proper, the denial of appellant's right to request trial by military judge alone constituted an abuse of discretion. We do not agree that the military judge should have recused himself or that he abused his discretion in precluding trial by military judge alone.

 The military judge is neither subject to challenge nor entitled to recuse himself simply because he has presided in a closely related case. *United States v. Jarvis,* 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973). Where the circumstances present in a closely related case are such that recusal of the military judge is "in the interest of having the trial . . . free from substantial doubt as to legality, fairness, or impartiality," then grounds for challenge exist. Paragraph 62f(13), *supra; United States v. Jarvis, supra.* More than "previous exposure to the same issues" is required to be shown, however, and effect is ordinarily given "to the judge's disclaimer of bias or prejudgment. . . ." *United States v. Jarvis, supra; cf. United States v. Cockerell,* 49 C.M.R. 567, 574 (A.C.M.R. 1974). The military judge has an obligation not to withdraw from a case in which there is no basis for recusal. That obligation, moreover, is equally as important as the obligation to recuse himself where cause does exist. *United States v. Cockerell, supra.*

 In the appellant's case the military judge clearly determined, and twice stated, that his impartiality was wholly unaffected by his prior determination of the providency of the guilty plea in *Ballard.* He added that he had no personal bias against the appellant. On a careful examination of the record, no reason for doubting those disclaimers can be found; and there are no

---

1. Because the *Ballard* proceedings had not then been transcribed, a tape recording of the trial was made available to the defense during the recess. A copy of the record of trial, authenticated by the military judge, was attached as an appellate exhibit.

2. The term "witness" includes "not only one who testifies in court but anyone whose declaration is received in evidence for any purpose, including written declarations made by affidavit or otherwise." Paragraph 63, MCM, 1969 (Rev.).

indications that the military judge was in any way partial, biased, or unfair.

■ Insofar as being a witness for the prosecution or defense is concerned, the inclusion of the record of trial in the *Ballard* case as an appellate exhibit did not disqualify the military judge. First, the military judge was not a witness for the prosecution, which carries with it automatic disqualification. The record of trial was not offered by the prosecution and was not used by them in establishing their case. It was offered by the defense as an appellate exhibit to support its challenge against the military judge. It was not actually available at the trial or used in making the decision on the challenge but attached after authentication more than a month later for use during the appellate process. Whether this in fact made the military judge a witness for the defense is questionable, but even assuming it did make him such a witness, we perceive nothing therein which would in any way raise a substantial doubt as to the legality, fairness, or impartiality of the trial.

The cases of *United States v. Wilson,* 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957), and *United States v. Scarborough,* 49 C.M.R. 580 (A.C.M.R. 1974), cited by appellant in support of his contentions are distinguishable from the instant case in important respects. In *Wilson* the law officer became a witness for the prosecution when the prosecution offered a record of previous conviction by special court-martial which had been examined and found legally sufficient upon supervisory review by the law officer while acting in another capacity. In this case, as indicated above, the record of trial in the closely related case was not offered or used by the prosecution. In *Scarborough,* the military judge, out of an abundance of caution, disqualified himself after an accused in a former trial over which he had presided was called as a witness and refused to testify. Although counsel agreed not to introduce the record in that earlier trial, the military judge recused himself. The question upon review then became whether the accused was prejudiced by the change in military judges and not

whether the original judge was actually disqualified.

We find no error in the military judge's denial of the challenge for cause and we now turn to the question of his denial of trial by military judge alone.

■ The military judge's determination that he would not agree to, or approve, a request for trial by military judge alone reinforces the conclusion that he was fair and impartial. While the appellant argues that the determination was an admission of tainted ability to sit as a fact finder in appellant's case, we find from the record no suggestion of any taint, but rather a commendable effort by the military judge both to ensure to the appellant a fair trial before a court composed of members, and to avoid thereby even the appearance of bias, prejudice, or evil. *See United States v. Scaife,* 48 C.M.R. 290, 293 (A.C.M.R. 1974); *rev'd on other grounds,* 23 U.S.C.M.A. 234, 49 C.M.R. 287 (1975); *United States v. Wright,* 47 C.M.R. 637 (1973).

■ Trial by military judge alone is not automatic upon the submission of a request by the accused, but is dependent upon approval of the trial judge. Congress plainly intended to vest the military judge with discretion in this area. *United States v. Bryant,* 23 U.S.C.M.A. 326, 327, 49 C.M.R. 660, 661 (1975); *United States v. Morris,* 23 U.S.C.M.A. 319, 324, 49 C.M.R. 653, 658 (1975); *United States v. Scaife supra.* The military judge's exercise of that discretion may be overturned only upon a clear showing of abuse. *United States v. Scaife, supra; United States v. Winn,* 46 C.M.R. 871, 872 (1972), *pet. denied,* 22 U.S.C.M.A. 625, 46 C.M.R. 1324 (1973).

■ The military judge could have deferred consideration of whether a request for trial by military judge alone would be approved until such time as a request was actually made, and the military judge might have made more clear that his motivation for refusing to approve a request for trial by military judge alone was his obvious concern for appellant's right to a trial free from any doubt as to legality, fairness,

and impartiality. Thus, the military judge's exercise of discretion in this area may have been premature but that does not amount to reversible error. The effect of the judge's action was to force appellant to accept his statutory right to a trial by a court-martial with members. As the Air Force Court of Military Review said in *United States v. Dupree,* 45 C.M.R. 456 (A.F.C.M.R. 1972), *pet. denied,* 21 U.S.C. M.A. 640, 45 C.M.R. 928 (1972):

"Compelling an accused to undergo a trial with members, against his will, is not contrary to an accused's right to a fair trial or to due process." 45 C.M.R. at 461.

We conclude therefore that the military judge did not abuse his discretion in precluding a request for trial by military judge alone.

## II

██ The appellant was found guilty of violating a lawful general regulation (paragraph 4*h,* US Army Japan Regulation 190–6, dated 5 September 1972), by possessing a .22 caliber pistol.[3] Parenthetically, appellant also pointed the pistol at a victim during the burglary, thereby leading to his conviction of an assault with a dangerous weapon. His contention on review is that USARJ Regulation 190–6 was non-punitive and that a finding of guilty of a violation of Article 92 may not properly be predicated upon it. We agree with the appellant.

USARJ Regulation 190–6, captioned "Military Police," "CONTROL OF GOVERNMENT AND PRIVATELY OWNED WEAPONS AND DANGEROUS INSTRUMENTS," is a 16-page document. Its stated purpose is to provide instructions pertaining to the possession and use of government-owned weapons and ammunition, and to the importation, acquisition, possession, use and transfer of privately owned weapons, ammunition, and danger-ous instruments. It fixes responsibilities for commanders, subcommand provost marshals, post exchange officers, custodians of firing ranges, custodians of central weapons storage facilities and annexes, and the provost marshal. Paragraph 3*f* makes it applicable to personnel as follows:

"USARJ personnel will be knowledgeable of, and will comply with applicable laws of Japan and this regulation. . . ."

Other paragraphs of the regulation pertain to registration and storage of privately owned weapons, ammunition, and dangerous instruments; shipping and mailing of weapons and ammunition; authorization to carry concealed weapons by certain military personnel; lost or stolen weapons and ammunition; use of weapons by minors; eligibility to hunt in Japan; war trophies; and record keeping.

██ A regulation, though generally providing guidelines for the conduct of military functions, may nonetheless contain some provisions which are punitive in nature. *See, e. g., United States v. Benway,* 19 U.S.C.M.A. 345, 41 C.M.R. 345 (1970); *cf. United States v. Hogsett,* 8 U.S.C.M.A. 681, 685, 25 C.M.R. 185, 189 (1958). However, the "order in its entirety must demonstrate that rather than providing general guidelines for the conduct of military functions it is basically intended to regulate the conduct of individual members and that its direct application of sanctions for its violation is self-evident." *United States v. Nardell,* 21 U.S.C.M.A. 327, 329, 45 C.M.R. 101, 103 (1972).

Construing the regulation in its entirety, we find that the regulation does not "demonstrate that . . . it is basically intended to regulate conduct of individual members and that its direct application of sanctions for its violation is self-evident." *United States v. Nardell, supra.*[4] Accordingly, the finding of guilty of a violation of Article 92 must be set aside.

---

**3.** Paragraph 4*h* provides in part that "Carrying dangerous instruments, openly or concealed, is prohibited, except as provided in this or other directives," and defines dangerous instruments as "any implement having the capability of inflicting bodily damage on another person. . . ."

**4.** *See also United States v. Wright,* 48 C.M.R. 319, (A.C.M.R. 1974); *United States v. Jackson,* 46 C.M.R. 1128 (A.C.M.R. 1973); *United States v. Bala,* 46 C.M.R. 1121 (A.C.M.R. 1973).

428

The findings of guilty of Charge V and its specification are set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms the sentence. However, the forfeitures shall apply to pay only becoming due on and after the date of the convening authority's action.

Judges O'DONNELL and FELDER concur.