UNITED STATES

v.

**Technical Sergeant Monty D. HECKER, FR572–92–0005 United States Air Force.**

**No. ACM 30182.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 6 June 1992.

Decided 28 April 1995.

Appellate Counsel for Appellant: Colonel Terry J. Woodhouse, Major Mary C. Yastishock, and Major Ursula P. Moul.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Major John H. Kongable, and Captain Timothy G. Buxton.

Before HEIMBURG, RAICHLE and BECKER, Appellate Military Judges.

## OPINION OF THE COURT

RAICHLE, Senior Judge:

Contrary to his pleas, the appellant was found guilty, by a general court-martial composed of officer and enlisted members, of two specifications of larceny, wrongfully soliciting two people to make a false statement to the Air Force Office of Special Investigations (AFOSI), and seven * specifications of violating Air Force Regulation 30–30, *Standards of Conduct* (26 May 1989) (AFR 30–30), in violation of Articles 121, 134, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934, 892 (1988). The convening authority approved the adjudged sentence of a bad-conduct discharge. The appellant asserts

---

* On a motion by defense, appellant was found not guilty of specification 1; specifications 2–8 are before this Court.

eight assignments of error, two of which have merit. We set aside some of the specifications and authorize a rehearing on sentence.

### I. AFR 30-30 VIOLATIONS

The appellant and his wife rented a house to Mr. Norris and his wife who were civilians and ran a business called Norris Paperhanging. The two couples became friends and formed a business called "Bare Walls." The appellant supplied the money for materials and supplies, and Mr. Norris contracted, as "Bare Walls," with the Beale Air Force Base Morale, Welfare, and Recreation Division, through the base contracting office, to perform various projects on the base. The appellant's duties had no connection with the base procurement function, for he worked as a dormitory manager; however, his personal contacts on the base enabled him to keep Mr. Norris advised as to current projects on which he could bid. "Bare Walls" was awarded and performed on five contracts. Mr. Norris submitted invoices for payment in the name of "Bare Walls" with the name of the appellant excised from the invoice. Profits from the contracts were split between Mr. Norris and the appellant.

The appellant first asserts that the provisions of AFR 30-30 which he allegedly violated, paragraphs 3b and 12, are constitutionally void for vagueness. AFR 30-30 explains the standards of conduct for Air Force personnel which relate to possible conflicts between private interests and official duties. The specifications of Charge IV allege the appellant violated AFR 30-30 by wrongfully contracting (6 specifications), subcontracting (1 specification), and offering to contract (1 specification) "with the U.S. government without disclosing that he, as an active duty member, was a party offering to contract on specific government contracts, which was contrary to the AFR 30-30 requirement that he avoid actions that reasonably may appear to create conflicts between his private interests and the public interest of the United States." '

The specifications allege violations of AFR 30-30 generally, without articulating particular paragraph numbers. During trial, the specifications were determined to incorporate an inseparable combination of paragraphs 3b

and 12a(3) of the regulation. The relevant provisions of AFR 30-30 are as follows:

Section A—General Information

3. Ethical Standards of Conduct:

b. Affiliations and Financial Interests. Air Force personnel must not take part in any personal, business, or professional activity or receive or retain any direct or indirect financial interest that places them in a position of conflict between their private interests and the public interests of the United States and that relates to their responsibilities as Air Force personnel or to the duties and responsibilities of their Air Force jobs.... Air Force personnel may, however, have financial interests or engage in financial transactions to the same extent as private citizens not employed by the government as long as they are not prohibited by law or this regulation.

12. Outside Employment of Air Force Personnel:

a. Air Force personnel must not engage in outside employment or other outside activity, with or without compensation, that:

(3) Is otherwise inconsistent with the requirements of this regulation, including the requirement to avoid actions and situations that reasonably may appear to create conflicts of interests.

"To satisfy the requirements of the Due Process Clause of the U.S. Constitution, a criminal statute must clearly spell out the activity being proscribed so that persons of reasonable intelligence can understand the expected conduct and thereafter conform their conduct to it. Any statute which fails to accomplish this is void." *United States v. Johanns,* 17 M.J. 862, 867 (A.F.C.M.R.1983), *aff'd,* 20 M.J. 155 (C.M.A.1985), *cert. denied,* 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985) (citing *United States v. National Dairy Products,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963)). "A penal regulation [must] be definite and certain, ... strictly construed, and ... any doubt with respect to it [must] be resolved in favor of the accused." *United States v. Henderson,* 36 C.M.R. 854,

857 (A.F.B.R.1965); *see United States v. Baker*, 18 U.S.C.M.A. 504, 40 C.M.R. 216 (1969) (rules of construction for statutes generally apply to regulations).

AFR 30–30 covers a subject proper for the issuance of military regulation and uses language that is easily understood by individuals so they may apply the provisions correctly. *See United States v. Brooks*, 20 U.S.C.M.A. 28, 42 C.M.R. 220 (1970); *United States v. Henderson*, 36 C.M.R. 854 (A.F.B.R.1965). Nevertheless, however well it may be written, the question has arisen more than once whether to construe various provisions as advisory or punitive. AFR 30–30 has undergone review in the past to distinguish those provisions that are punitive from those that are advisory. *See Brooks* and the citations therein; *United States v. Smith*, 16 M.J. 694 (A.F.C.M.R.1983). This Court has even advised that as the regulation is rewritten, the writers should consider placing the punitive provisions in one section so that each provision would not require litigation to sort out the confusion of what is or is not punitive. *United States v. Robinson*, 37 M.J. 588, 591 (A.F.C.M.R.1993).

Regulations which combine advisory instructions with other mandatory instructions containing a specific penalty for noncompliance have been found to be "not intended as a general order or regulation within the meaning of Article 92 of the Uniform Code." *United States v. Hogsett*, 8 U.S.C.M.A. 681, 25 C.M.R. 185, 189 (1958). Over time this concept has evolved so that "a regulation which combines advice with command is not thereby [automatically] excluded from the class of regulations which make persons subject to its terms liable to punishment under Article 92, [UCMJ], 10 U.S.C. § 892, for violation of its mandatory provisions." *Brooks* at 222.

■ In *United States v. Smith*, this Court held that the use of the word "may" in the AFR 30–30 preamble does not detract from the basic intent to regulate conduct of individual members and punish violations by conviction. The use of the word "may" meant only that the commander was not required to dispose of every violation by trial by court-martial. We also found that paragraph 7 of

AFR 30–30, as written at that time, and paragraph 3a (paragraph 3b in the regulation before us) were not constitutionally void for vagueness. Comparing the new paragraph 3b with the old paragraph 3a, we find the language to be substantively the same and stand by the decision in *Smith* that paragraph 3b is not constitutionally void for vagueness. *See also United States v. Robinson*, 37 M.J. 588 (A.F.C.M.R.1993).

■ Turning to the validity of paragraph 12, however, we find that paragraph is void for vagueness as a punitive provision. Combining advisory matters with matters of command in one regulation does not necessarily vitiate any of the mandatory provisions in the regulation. *Smith*, 16 M.J. at 699. The mandatory nature of the word "must" which starts out paragraph 12 implies that the drafters intended this provision to be prohibitive. However, the subsequent language on its face does not import, as the Government contends, that failure to observe the provision is a criminal offense. "A regulation ... may so indiscriminately combine precept and pedagogics as not to provide fair notice of its penal nature to those subject to its terms." *Brooks* at 222. Paragraph 12 is such a confusing guide.

In each of the specifications, 2 through 8 of Charge IV, the appellant was charged with behavior that *may appear* to create a conflict, as opposed to any behavior on his part that did result in a conflict. Using a subjective assessment, "appearance of conflict," to set an objective and punitive standard is troublesome. The record does not indicate how the appellant's behavior resulted in anything more than an *appearance* of potential conflict. His purported knowledge of the regulation, and the potential pitfalls it may present, does not mean that he was, therefore, determined to violate any punitive provisions. On the contrary, it can be interpreted as commendable that he was aware that pitfalls existed and took care to avoid those pitfalls. The appellant did not work in contracting nor did his official duties in any way overlap with the work that he was providing to the government under contract as part of his off-duty employment. Under these circumstances, we find the specifications fail,

inasmuch as an individual cannot be found criminally guilty of an "appearance" of impropriety. Consequently, combining in one specification both paragraph 3, a penal paragraph, with paragraph 12, a paragraph constitutionally void for vagueness, results in describing ethical conduct rather than criminal conduct and fails to provide an accused adequate notice that his conduct is criminal.

## II. THE LARCENY

The appellant next alleges the evidence is legally and factually insufficient to support the finding of guilty of larceny of $50 from Airman First Class (A1C) F. Evaluation of this contention requires a thorough examination of somewhat unusual facts. The appellant was a dorm manager for the organizational maintenance squadron. A1C F, an occupant of the dormitory, punched a hole in the wall of his room. The appellant told A1C F the squadron first sergeant knew about the hole and if he had the hole fixed, the first sergeant would not press charges. In reality, the first sergeant was not aware of the damage to the wall until after it had been repaired. Since A1C F did not know of anyone who could fix the hole, he asked the appellant for assistance. Following appellant's advice, A1C F agreed to have Mr. Norris come in and fix it. When Mr. Norris gave the appellant an estimate of $25.00 for fixing the hole, the appellant told him to make the invoice out for $75.00 because A1C F needed to be taught a lesson. He did so and the appellant subsequently charged A1C F $75.00 for fixing the hole. Of this amount, $25.00 went to Mr. Norris, $7.50 to the appellant as a 10% "finder's fee", and the remainder to a cash kitty maintained by the appellant for their business. As a consequence of Mr. Norris's testimony, defense counsel specifically requested the military judge to instruct the members regarding accomplice testimony, but the judge refused to do so.

### A. Accomplice Instruction

■ The appellant alleges the military judge erred by failing to instruct the members that Mr. Norris was an accomplice of the appellant as to the larceny specification. In determining whether Mr. Norris was an accomplice of the appellant, the test we must apply is whether the witness himself could have been convicted of the same crime for which the appellant was prosecuted. *United States v. McKinnie*, 32 M.J. 141 (C.M.A. 1991). "The law requires that it be established that there is a concert of purpose or the aiding or encouraging of the commission of the criminal act and a conscious sharing of the criminal intent." *United States v. Knudson*, 14 M.J. 13, 15 (C.M.A.1982). Here, Mr. Norris was fully aware of what the appellant proposed to do, aided him in the execution of the larceny by false pretenses by supplying him with a fraudulent invoice grossly overstating the amount of the charge, and shared his criminal intent in all respects.

■ Whenever the evidence raises a reasonable inference that a witness may have been an accomplice, the military judge, upon request of the prosecution or the defense, shall give to members cautionary instructions on determining whether the witness is an accomplice and on the suspect credibility of accomplice testimony. *United States v. Gillette*, 35 M.J. 468 (C.M.A.1992). The purpose of this advice is to call the court members' attention to a matter specifically affecting the witness's credibility, *i.e.* his motive to falsify his testimony in whole or in part. *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963). We hold the military judge erred by refusing to allow the court members to determine whether Mr. Norris was an accomplice and what, if any, impact this may have on his credibility. Accordingly, we must test for prejudice. *McKinnie*, 32 M.J. at 144.

■ For the following reasons, we find no prejudice. First, the instructional error did not involve an element of the offense or a defense, but went only to the credibility of Mr. Norris. Second, the military judge fully instructed the court on how to determine the credibility of witnesses, thus focusing their attention on factors to consider in weighing the reliability of witness's testimony. *See United States v. Rehberg*, 15 M.J. 691 (A.F.C.M.R.1983). Finally, Mr. Norris's testimony as to the larceny was not self-contradictory, uncertain or improbable, but was clear and convincing as to his role in the offense and was corroborated, in part, by the

testimony of A1C F. Under these circumstances, we are convinced that the appellant suffered no prejudice from the military judge's failure to give the requested instruction.

### B. Sufficiency of Evidence

The test for legal sufficiency is whether, "considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 324 (C.M.A.1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner* at 325. To support a conviction of larceny by false pretenses under Article 121, UCMJ, the prosecution must prove that: 1) the accused wrongfully obtained property from another; 2) the property belonged to another; 3) the property was of a certain value; and 4) the wrongful obtaining was with the intent to permanently deprive the owner of the use and benefit of the property. MCM, 1984, Part IV, ¶ 46c(1)(d) (1984). The false pretense "must be in fact false when made and when the property is obtained, and it must be knowingly false in the sense that it is made without a belief in its truth." *Id.*, at para. 46c(1)(e).

It is uncontroverted that Mr. Norris agreed to repair the hole for only $25.00. However, the appellant falsely represented to A1C F that the repair price was $75.00. Based on that representation, A1C F paid the appellant $75.00, $50.00 of which the appellant appropriated to his own and Mr. Norris's use. Under these circumstances, we find the evidence legally sufficient to support the finding of guilty to larceny of $50.00, specification 2 of Charge I.

It is important to distinguish this case from garden variety "price gouging," which is a bad business practice, but not the crime of larceny. An unethical merchant may artificially inflate a price, but still not make any false representations which induce a customer to part with his or her money. In this case, Mr. Norris's price was $25.00. Appellant lied to A1C F, telling him the price was $75.00. This false statement induced A1C F to part with $50.00 more than he would have had the appellant told him the truth. Appellant intended to permanently deprive A1C F of this money. These acts constitute the Article 121 offense of larceny by false pretense. MCM, Part IV ¶ 46(c)(1)(e) (1984); *United States v. Schaper*, ACM 31189, 1995 WL 89946 (A.F.Ct.Crim.App. 24 Feb. 1995), slip op. at 3–4 (Young, S.J.), 9–10 (Becker, J., dissenting); *United States v. Dean*, 33 M.J. 505, 510 (A.F.C.M.R.1991).

### III. ADMISSION OF UNCHARGED MISCONDUCT

The appellant also avers the military judge erred by allowing the first sergeant, a defense witness, to testify about the appellant allegedly breaking into Mr. Norris's house. The standard to be applied on appellate review is whether the military judge abused his discretion. *United States v. Spata*, 34 M.J. 284 (C.M.A.1992). We find that he did not. After successfully moving *in limine* to exclude this evidence, the defense opened the door by asking the first sergeant about some comments made to him by Mr. Norris, which were threatening to the appellant because of a personal conflict. The prosecution asked the military judge to reconsider his ruling on the motion *in limine* and allow them to further explore the circumstances surrounding the threats. The military judge then allowed the witness to testify about those circumstances and advised the members about the limited purpose for which the testimony was elicited and how they should consider it. Under these circumstances, we find no abuse of discretion.

### IV. REMAINING ISSUES AND SENTENCE

We have carefully considered the remaining assignments of error, including those personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431

(C.M.A.1982), and hold that none warrant relief.

■ When an error occurs at trial that impacts on the accused's sentence, the accused is entitled to be made whole on appeal. *United States v. Reed,* 33 M.J. 98 (C.M.A. 1991). We turn now to the matter of whether we must order a rehearing on sentencing or whether we may appropriately reassess the sentence at this level. This Court may reassess when we are able to determine what sentence the court-martial probably would have adjudged if the error had not been committed at trial. *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990). This court must be careful to avoid merely substituting our own judgment for that of the sentencing authority. *United States v. Jones,* 39 M.J. 315 (C.M.A.1994), *cert. denied sub nom, Bird v. United States,* —— U.S. ——, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994). When we reassess, we must assure that the sentence is no greater than would have been imposed if prejudicial error had not been committed. *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986). In this instance, determining what sentence would have been adjudged is difficult because the bulk of the charges were based upon the provisions of AFR 30–30 that we find to be constitutionally void for vagueness. Consequently, we cannot discern what the potential sentence would have been, considering additionally the circumstances of the appellant and his many years of service. We will, therefore, authorize a rehearing on the sentence.

## V. NEW TRIAL PETITION

■ Finally, appellant has filed a motion for a new trial, which we deny at this time. Appellant asserts that newly discovered evidence clearly demonstrates fraud on the court-martial. A new trial may be granted only on grounds of newly discovered evidence or fraud on the court-martial. Newly discovered evidence consists of evidence discovered after trial which would not have been discovered by the petitioner at the time of trial in the exercise of due diligence. A new trial may be ordered if, had the evidence been considered by the court-martial in light of all other pertinent evidence, it probably would have produced a substantially more favorable result for the accused. R.C.M. 1210(f)(2). Fraud consists of matters such as confessed or proved perjury in testimony which clearly had a substantial contributing effect on a finding of guilty and without which there probably would not have been a finding of guilty. R.C.M. 1210(f)(3).

■ Appellant presented affidavits addressing the truthfulness or lack thereof of one of the trial witnesses. These statements from friends and acquaintances of the appellant do not demonstrate either that fraud has been perpetrated on the court-martial, nor that the evidence they present would not have been discovered before trial in the exercise of due diligence. Since motions for new trial on grounds of newly discovered evidence are not regarded with favor, the petitioner bears a heavier burden. *United States v. Garries,* 19 M.J. 845, 866 (A.F.C.M.R.1985) (citing *United States v. Bacon,* 12 M.J. 489 (C.M.A.1982)) Appellant has not met this burden.

The petition for new trial further contains appellant's commentary regarding the government's reply brief to the errors asserted by the appellant. Appellant's comments are not appropriate as part of the petition, nor does this Court authorize replies upon replies. Consequently, appellant's comments have not been considered. The affidavits attached with that submission have been considered for their merit as newly discovered evidence and have also been determined to contain information that could have been discovered before trial in the exercise of due diligence. Nor do they demonstrate that a fraud was perpetrated against the court-martial.

## VI. DECISION

The approved findings of guilty of specifications 2 through 8 of Charge IV, and of Charge IV, are hereby set aside and dismissed. The remaining findings of guilty are correct in law and fact, and are hereby affirmed. The Petition for New Trial is denied. The sentence is set aside. The Judge Advocate General shall return the case to the

same or a different convening authority, who shall direct a rehearing on sentence.

Senior Judge HEIMBURG and Judge BECKER concur.