UNITED STATES, Appellee,

v.

Staff Sergeant Dale J. ROBERTS, 292–50–3622, United States Army, Appellant.

CM 445481.

U.S. Army Court of Military Review.

31 May 1985.

Captain Harry L. Williams, Jr., JAGC, argued the cause for the appellant. With him on the brief were Lieutenant Colonel William P. Heaston, JAGC, and Captain Robert S. Johnson, Jr., JAGC.

Captain Dean C. Berry, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain John J. Park, Jr., JAGC.

Before MARDEN, PAULEY and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, contrary to his pleas, by a military judge sitting as a general court-martial, of extortion, bribery, and obstructing justice in violation of Articles 127 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 927 and 934 (1982). He was acquitted of larceny and bribery charges in violation of Articles 121 and 134, UCMJ, 10 U.S.C. §§ 921 and 934. The convening authority approved the sentence to a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for three years and reduction to the grade of E-1.

On 15 November 1983, an Article 39(a)[1] session was held for the sole purpose of allowing Captain (CPT) M, then appellant's trial defense counsel, to move to withdraw from the case. Captain M, in his written motion to withdraw,[2] stated he believed his client guilty and further stated that his client would "offer a different version of the events than he told me when discussing the [potential] guilty plea." Later in the motion, CPT M stated that because of his

---

1. Article 39(a), UCMJ, 10 U.S.C. § 839(a).

2. The complete written motion is attached as an appendix to this opinion.

belief that appellant would commit perjury he requested discharge from his duties as defense counsel. The military judge discussed with the appellant the ramifications of perjury and the role of an attorney in cases where the attorney has formed a judgment that the testimony of his client would be false. During that discussion, appellant stated, "I have strong feelings as to the incident because most [sic] of my testimony, if I do testify, is not false." The military judge ascertained that appellant did not object to CPT M's withdrawal, and ultimately the military judge permitted CPT M to withdraw from the case. The military judge instructed CPT M not to discuss with his successor any opinion he might have formed about the prospect of perjury. Captain B was next appointed as appellant's detailed defense counsel and undertook his representation. She was specifically precluded by the military judge from viewing her predecessor's motion to withdraw and knew nothing of the extent of CPT M's disclosures.

At the following session, after appellant requested trial by military judge alone, the judge informed him that he remembered "the general nature of the conflict between you and your [prior] attorney...." Appellant acknowledged that he understood this fact, whereupon the military judge approved his request. Appellant pled not guilty, took the stand in his own behalf, and was convicted of several charges and acquitted of others as indicated above. He now alleges he was denied the effective assistance of counsel by CPT M's improper disclosures made in connection with his motion to withdraw. Appellant also contends that, notwithstanding his request for trial by military judge alone, the military judge had a *sua sponte* obligation to recuse himself. We perceive the issues somewhat differently and believe the real questions are: Whether the military judge erred by failing to remove himself from the case as a fact finder either by recusal or by denial of appellant's request for trial by military judge alone; and whether, by denying CPT

B access to the damaging information that formed the basis for CPT M's motion to withdraw, the military judge vitiated the effectiveness of appellant's election of trial by military judge alone. We hold that the military judge erred for the reasons set forth below.

I.

■■■ A military judge is not necessarily disqualified to sit as an impartial fact finder when he has been exposed to certain factual information concerning a case. *See United States v. Cooper,* 8 M.J. 5 (C.M.A. 1979); *United States v. Bradley,* 7 M.J. 332 (C.M.A.1979). To the contrary, he has a duty not to withdraw from a case where there is no basis for recusal. *See United States v. Stewart,* 2 M.J. 423 (A.C.M.R. 1975). However, he does have an interest in having the trial free from substantial doubt regarding fairness or impartiality. *Id.* The military judge's decision to sit as fact finder will not be disturbed on appeal unless clearly erroneous. The standard for review of that decision is abuse of discretion. *See United States v. Montgomery,* 16 M.J. 516 (A.C.M.R.1983); *United States v. Stewart,* 2 M.J. 423. In reviewing this case, we find that the military judge abused his discretion when he accepted appellant's request to sit without members. Such action left the judge tainted by the knowledge that appellant's original attorney, CPT M, disbelieved his client's prospective testimony. The revelation by an appellant's counsel that his client intends to commit perjury is so egregious that it disables the fact finder from impartially judging the merits of appellant's defense. *See United States v. Radford,* 14 M.J. 322 (C.M.A.1982); *United States v. Winchester,* 30 C.M.R. 74 (C.M.A.1961). *See also Lowery v. Cardwell,* 575 F.2d 727 (9th Cir. 1978).[3] While the military judge specifically ascertained that the appellant felt no qualms about his deciding the case alone, and while he assured appellant that he had

---

**3.** Additionally, the military judge was made aware of appellant's pretrial negotiations as well

as the fact (by implication) that *all* of appellant's testimony might not be true.

formed no opinion as to his guilt or innocence,[4] we believe the rationale discussed in the cases cited above preclude him from acting as fact finder. Under these circumstances he should have either denied appellant's request for a judge alone trial, or transferred the case to another military judge.[5]

## II.

■■■ We also hold that the military judge erred by denying appellant's second counsel, CPT B, information about what had transpired. In an obvious effort to protect appellant's rights and to minimize CPT M's improper disclosure, the military judge attempted to prevent CPT B from being influenced by what had previously occurred. While we applaud the military judge's motives, we cannot condone his actions. Conducting an adequate factual investigation is a component of effective assistance of counsel. *United States v. Wright*, 489 F.2d 1181 (D.C.Cir.1973). The withholding from CPT B of that portion of the transcript containing CPT M's motion for withdrawal and the order directing CPT M not to discuss his opinions with his successor left CPT B inadequately informed to advise appellant in a meaningful fashion concerning his forum rights. *Cf. United States v. Mougenel*, 6 M.J. 589 (A.F.C.M.R. 1978), *pet. denied*, 6 M.J. 194 (C.M.A.1979), and cases cited therein; *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (confidentiality of juvenile record yields to right of an accused effectively to cross-examine an adverse witness for bias); *United States v. Selva*, 559 F.2d 1303 (5th Cir.1977); and *United States v. Gregory*, 472 F.2d 484 (5th Cir.1973) (absence of significant portion of record when defendant represented by new attorney on appeal mandates reversal). Under the Court of Military Appeals' holding in *United States v. Jenkins*, 42 C.M.R. 304 (C.M.A.1970), when an accused requests trial by military judge alone, the judge is obligated to assure himself that the request was understandingly made. This cannot be accomplished if appellant's trial defense counsel is unaware of a possible basis for excusal or removal of the military judge as a fact finder. The evidence of record here indicates that the judge's actions prevented appellant from obtaining the effective assistance of counsel needed to make a knowing and intelligent choice of forum. Accordingly, we hold the military judge's actions were error.[6]

■■■ We find the cumulative effect of these errors to be prejudicial. Accordingly, we cannot allow the findings of guilty and sentence to stand. Our disposition of the foregoing makes the other issues personally raised by the appellant and that remaining issue briefed by his counsel moot. *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

## III.

■■■ Although not necessary to our resolution of this case, an examination of counsel's duties when faced with the problem of client perjury warrants discussion.[7] First, the Model Code of Professional Responsibility (Code) of the American Bar Association (ABA) is applicable to judge advocates involved in court-martial proceedings. Additionally, except to the extent that they are inconsistent with the UCMJ, the Manual for Courts-Martial, and applicable regulations, the American Bar Association Standards for Criminal Justice

---

**4.** The mixed findings of guilty lend credence to the military judge's statement.

**5.** We recognize that, as a practical matter, this latter course may be unfeasible in certain cases.

**6.** We do not consider the issue of adequacy of counsel in the traditional sense applicable in this case. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**7.** The most recently reported Court of Military Appeals decision that focused specifically on the topic of client perjury is *United States v. Radford*, 14 M.J. 322 (C.M.A.1982), reported below at 9 M.J. 769 (A.F.C.M.R.1980). Prior to *United States v. Radford*, the last reported client perjury case was *United States v. Winchester*, 30 C.M.R. 74 (C.M.A.1961).

(Standards) also apply.[8] Second, it is clear that the law, the Code, and the Standards prohibit the use of fraudulent, false, or perjured testimony or evidence.[9]

In situations such as that presented here, various ethical authorities mandate different preventative and remedial procedures.[10] These procedures include attempting to dissuade the client from lying, withdrawal from the case, refusal to offer the testimony (when possible), disclosing the client's intention to the judge, and passive representation of the client. This latter approach has been specifically sanctioned by the Court of Military Appeals [11] and is prescribed in Standard 4–7.7, Testimony by the Defendant.[12] Simply stated, this approach provides for: defense counsel investigation to make certain what facts are true; strong discouragement of the client from committing perjury; withdrawal, if possible, when the client insists on taking the stand to testify falsely; if withdrawal is not possible, making memoranda for record of the advice counsel has given the client; and finally, allowing the client to testify without actively aiding the testimony.[13]

█ In the instant case, assuming CPT M had satisfied himself appellant was planning to commit perjury, and CPT M could not dissuade appellant from this course, it is clear beyond cavil that it was his duty to attempt to withdraw from the case. This is the course of action that he followed. However, in doing so he revealed to the military judge that his client was planning to commit perjury.[14] This action, while preserving defense counsel's integrity, merely transferred the problem to the military judge.

The question of whether or not to disclose such prospective false testimony has been an area where professional responsibility standards have been confusing and contradictory. Indeed, some commentators have advocated that attorneys present and argue the perjured testimony.[15] The early ABA Canons of Professional Ethics expressly protected client's secrets or confidences in one canon [16] while other canons appeared to contradict that express protection.[17] In 1953, the formal opinions of the ABA Committee on Professional Ethics resolved the problem in favor of confidentiality.[18] However, as originally drafted in

8. Army Regulation (AR) 27–10, Legal Services: Military Justice, para. 5–8 (1 Sep. 1982) (applicable at time of trial); AR 27–10, Legal Services: Military Justice, para. 5–8 (15 Mar. 1985); AR 27–1, Legal Services: Judge Advocate Legal Service, para. 5–3 (1 Aug. 1984) (applicable at the current time). It is important to note that the American Bar Association Model Rules of Professional Conduct do not and will not apply except insofar as they are subsequently adopted by proper statutory or regulatory authority.

9. E.g., Code, EC 7–26 and DR 7–102 (1980); United States v. Radford, 14 M.J. 322.

10. One of the best discussions in this area is Gaydos, Client Perjury: A Guide for Military Defense Counsel, The Army Lawyer, Sep. 1983 at 13.

11. See cases cited in note 7.

12. Standard 4–7.7 was proposed and approved by the ABA Standing Committee on Association Standards for Criminal Justice. ABA Standards Relating to Criminal Justice, Defense Function § 4–7.7 (Tentative Draft Fall 1978). Its submission to the House of Delegates, however, was "deferred until the ABA Special Commission on Evaluation of Professional Standards reports its

final recommendations." ABA Standards, § 4–7.7, supra (1980). The Standard in its 1971 form is deemed controlling. United States v. Radford, 14 M.J. at 325 n. 5.

13. Counsel may identify the client as the accused and allow him or her to testify about the perjurious matters in narrative form. Counsel may not argue such testimony nor use it in the examination of other witnesses. We further note some perils in certain uses of this tactic. E.g., United States v. Radford, 14 M.J. at 325.

14. We note some cases draw a distinction between such a general statement and statements detailing the extent of the perjury.

15. See e.g., Freedman, Professional Responsibility of the Criminal Defense Lawyer: The Three Hardest Questions, 64 Mich.L.Rev. 1469 (1966).

16. ABA Canons on Professional Ethics, Canon 6 (1908).

17. ABA Canons on Professional Ethics, Canons 15 and 22 (1908).

18. ABA Comm. on Professional Ethics and Grievances, Formal Op. 287 (1953).

1969, the Code appeared to retreat from that opinion and the draft (in DR 7–102(B)(1)) could be read to require disclosure of client fraud. In 1974, the ABA House of Delegates added a clarifying clause to DR 7–102(B)(1) which required the attorney to reveal the fraud *"except when the information is protected as a privileged communication."* (Emphasis supplied.)

Moreover, a distinction may be drawn between revealing client fraud before trial[19] and revealing client fraud after trial has begun.[20] In the case *sub judice,* any questions that appellant's counsel may have had regarding how to proceed should have been resolved by, *inter alia,* the language of Standard 4–7.7, Testimony by the Defendant, which states:

"(b) If, in advance of trial, the defendant insists that he or she will take the stand to testify perjuriously, the lawyer may withdraw from the case, if that is feasible, seeking leave of the court if necessary, but *the court should not be advised of the lawyer's reason for seeking to do so."* (Emphasis supplied.)[21]

We are unable to determine whether counsel's statement to the court violated the attorney-client privilege. The information upon which counsel based his belief of perjury may well have been communicated to him with the intention it be used in negotiating the pretrial agreement appellant at one time sought; in such a situation there would be no intention for the communication to be confidential and hence no privilege would apply. *See United States v. Winchester,* 30 C.M.R. 74.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge PAULEY and Judge WERNER concur.

---

19. *E.g.,* ABA Comm. on Ethics and Professional Responsibility, Informal Op 1314, 1975.

20. Code, DR 7–102(B).

## APPENDIX

### MOTION TO WITHDRAW AS DEFENSE COUNSEL

#### 15 November 1983

Comes now the defense and requests to withdraw as detailed defense counsel in the case of *United States v. SSG Dale J. Roberts* for the following reasons:

(1) I have been detailed defense counsel for SSG Dale J. Roberts, 292–50–3622, since 6 September 1983. During that time, I have represented him at two Article 32 hearings and have conducted extensive preparation of his defense.

(2) On 2 November 1983, SSG Roberts submitted a request for discharge for the good of the service which was denied. On 8 November 1983, SSG Roberts submitted an offer to plead guilty to Charges I, II and III, and Additional Charge I, which plea was accepted by the convening authority. He pleaded not guilty to Additional Charge II, which was also accepted.

(3) As part of our preparation for his guilty plea, SSG Roberts has discussed with me explanations for the offenses to which he has pleaded guilty. The version of events he told me agreed substantially with the testimony against him at the Article 32 hearings. I have prepared eight witnesses for extenuation and mitigation based in part on SSG Roberts' explanations about his actions that led to his guilty plea. Based on his statements to me, I have concluded that SSG Roberts is truly guilty of the offenses to which he had planned to plead guilty.

(4) On 15 November 1983, shortly before the scheduled sentencing proceeding, SSG Roberts has informed me that he intends to plead not guilty to all the charges against him. He also has informed me that he will testify in a not guilty plea, denying his

---

21. *United States v. Winchester,* 30 C.M.R. at 78; Ethics Round Table, 13 The Advocate 184 (1981); *see also,* The Judge Advocate General's School, Criminal Law: Evidence, chap. 27 (Aug. 1984).

guilt and offer a different version of the events than he told me when discussing the guilty plea.

WHEREFORE, because of my belief that he will commit perjury in his testimony and because I must be either a conscious party to that perjury or an inadequate defense counsel, I request that I be discharged from responsibility as defense counsel in the above-styled case.