**UNITED STATES, Appellee,**

v.

**Sergeant Eddie ELZY, 431–06–3151, United States Army, Appellant.**

**CM 445163.**

U.S. Army Court of Military Review.

22 May 1986.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Lawrence F. Klar, JAGC, Major John E. King, JAGC, Captain Robert W. Wiechering, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Frederick A. Johnson, JAGC, Captain Richard G. Mann, Jr., JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

 Appellant pled not guilty and was tried by a military judge sitting alone. The trial defense counsel made an unsuccessful pretrial motion to withdraw, had appellant testify in narrative form, and did not argue appellant's testimony to the trial judge on findings. Even though counsel's actions might have inferentially signaled to the judge that he did not believe all of appellant's testimony was truthful, we hold that appellant was not deprived of the effective assistance of counsel. The Sixth Amendment to the Constitution does not guarantee either the right to present perjured testimony or to be aided by counsel in doing so. *See Nix v. Whiteside,* —— U.S. ——, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986); American Bar Association Commission on Evaluation of Professional Standards, *Proposed Final Draft, Model Rules of Professional Conduct* 132–134 (May 30, 1981).

When a counsel *knows* that his client's testimony will be false, counsel *must* take

appropriate action to prevent a fraud on the court. Rules 3.3(a) and 1.2(d), American Bar Association, Model Rules of Professional Conduct [hereinafter referred to as Model Rules]; Disciplinary Rule 7–102(A), American Bar Association, Model Code of Professional Responsibility [hereinafter referred to as ABA Model Code]. When a counsel *reasonably believes* that his client's testimony will be false, counsel *may* refuse to participate in submitting it to the court. Rule 3.3(c), Model Rules. In either case, only the attorney himself can decide what he believes and what he knows. Since we have no indication that appellant's attorney assessed the situation dishonestly or unreasonably, we are satisfied that he acted in accordance with "accepted norms of professional conduct." While *Nix v. Whiteside* is not directly on point, we believe that the majority opinion stands for the proposition that compliance with the "accepted norms of professional conduct" in this area does not constitute "failure to adhere to reasonable professional standards that would in any sense make out a deprivation of the Sixth Amendment right to counsel." 106 S.Ct. at 997. We therefore find that counsel effectively represented appellant under the standards prescribed in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *United States v. Jefferson,* 13 M.J. 1 (C.M.A.1982), and *United States v. Davis,* 20 M.J. 1015 (A.C.M.R.1985).[1]

The next question is whether the trial judge erred by continuing to serve as the finder of fact under the circumstances. The leading case from the United States Court of Military Appeals in this general area, *United States v. Radford,* 14 M.J. 322 (C.M.A.1982), does not answer that question. Not only did *Radford* involve significantly different facts, but it resulted in three divergent opinions with no two

---

1. The Model Rules have not been made applicable to counsel practicing in the United States Army; that matter is presently under consideration by the Office of The Judge Advocate General of the Army. Paragraph 5–8, Department of Army Regulation Number 27–10, still makes the ABA Model Code applicable to Army counsel.

This is irrelevant to the issue before us, however, because we are here concerned with norms of professional conduct which have been deemed constitutionally acceptable by the Supreme Court and these specifically include Rules 1.2(d) and 3.3(a). *Nix v. Whiteside,* 106 S.Ct. at 995–96.

judges concurring except in the result. Despite our best efforts, we have been unable to discern agreed holdings of the court in *Radford* which would provide the solution to the issue before us. Two other leading cases, *Lowery v. Cardwell*, 575 F.2d 727, 731 (9th Cir.1978), and *United States v. Roberts*, 20 M.J. 689 (A.C.M.R.1985), can be distinguished on the ground that the trial defense counsel in the case at bar did not clearly and unequivocally state that he doubted appellant's credibility. However, it would seem likely that any experienced trial judge could "read between the lines" and discern the problem. *See Radford*, 14 M.J. at 328 (Everett, C.J., concurring in the result). The government has argued that all of these concerns are mooted by the Supreme Court's holdings in *Nix v. Whiteside, supra*, that "[w]hen an accused proposes to resort to perjury or to produce false evidence, one consequence is the risk of withdrawal of counsel," 106 S.Ct. at 998, and that "when defendants testify, they must testify truthfully or suffer the consequences." *Id.* (quoting *United States v. Havens*, 446 U.S. 620, 626, 100 S.Ct. 1912, 1916, 64 L.Ed.2d 559 (1980)). On the other hand, the majority in *Nix v. Whiteside* also noted that "[w]ithdrawal of counsel when [a client's threat to commit perjury] arises at trial gives rise to many difficult questions including possible mistrial . . . ." *Id.*, 106 S.Ct. at 996 and n. 6.

We prefer to rest our decision on a straightforward disagreement with the approach adopted in *Lowery v. Cardwell, supra*. There, the court held that "if . . . counsel informs the fact finder of his belief [that his client's defense is based on false testimony] he has, by that action, disabled the fact finder from judging the merits of the defendant's defense" and also held that this principle applies in a bench trial as well as in a jury trial. 575 F.2d at 730. The court went on to hold, however, that only an "unequivocal" announcement by counsel would "disable" a fact finder. *Id.*[2] A "passive refusal to lend aid to perjury" was

declared non-disqualifying, even though the court recognized that "a knowledgeable judge or juror, alert to the ethical problems faced by attorneys and the manner in which they traditionally are met, might infer perjury from inaction." *Id.* at 731.

We believe that the *Lowery* court attempted to draw too fine a distinction between an "unequivocal" announcement of a counsel's belief that his client has lied and the inferences to be drawn from counsel's passive non-participation and non-use of such testimony. If a reasonable judge or juror can be expected to draw the conclusion that a counsel disbelieves his client, then the result should be the same whether the message is delivered directly or by implication.

But we also believe that the *Lowery* court took too pessimistic a view of the capabilities and the integrity of trial judges. In our view, a military judge can be relied on to either disregard the fact that a counsel disbelieves his client's testimony or take appropriate action if such "evidence" would affect his deliberations. With respect to the first alternative, we believe that trial judges are well aware that trial defense counsel are no more infallible than anyone else and that their opinions do not constitute evidence in any event. After all, trial judges are routinely presumed to disregard expressions of counsel's personal opinions about facts in issue, *cf. United States v. Montgomery*, 42 C.M.R. 227 (C.M.A.1970), and it must be kept in mind that the issue we are now discussing is the ability of a judge to disregard inadmissible matter, not adequacy of representation. It must also be recalled that a counsel's actions may be dictated by his mere "reasonable belief" as well as by a certainty on his part that the client's testimony is false. Second, we are confident that military judges appreciate the overriding imperative of fairness and will resort to recusal, mistrial, or requiring trial

---

**2.** In *Lowery*, the court found counsel's request for withdrawal, made immediately after the defendant testified, to be "unequivocal."

by members when such measures are necessary to insure a fair trial.

The discretion we envision is not, of course, unfettered. As with other cases involving recusal, the actions of the trial judge in this situation are subject to the abuse of discretion standard. *United States v. Roberts, supra,* 20 M.J. at 691. Here, we find no evidence of such an abuse.[3] It follows that we are satisfied that appellant's right to a fair trial was not compromised in the case at bar.

Appellant contends, and we agree, that simultaneous possession and distribution of a controlled substance is multiplicious for findings purposes and that convictions for both cannot stand. *United States v. Zubko,* 18 M.J. 378 (CMA 1984). We are satisfied appellant was not prejudiced as to sentencing by this error since the military judge considered the offenses as one for punishment purpose.

The remaining assigned errors, including those raised by appellant, have been considered and determined to be without merit.

The finding of guilty of Specification 1, Charge II (wrongful possession of methamphetamine) is set aside and that specification is dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge FELDER and Judge NAUGHTON concur.

---

3. In contrast, the trial defense counsel in *Roberts* had explained to the judge in compelling terms just why he believed his client's proposed testimony was false and the accused himself had told the judge that *"most* of my testimony, if I do testify, is not false." 20 M.J. at 691 (emphasis added). We certainly agree that on those facts it would have been an abuse of discretion for the judge to continue to sit as the finder of fact.