**UNITED STATES, Appellee,**

v.

**Eddie ELZY, Sergeant, U.S. Army, Appellant**

No. 55,419.

CM 445163.

U.S. Court of Military Appeals.

Feb. 22, 1988.

For Appellant: *Captain Richard J. Anderson* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Major Dale K. Marvin* (on brief); *Colonel John T. Edwards, Lieutenant Colonel Charles A. Zimmerman, Major Russell S. Estey.*

For Appellee: *Captain Donald W. Hitzeman* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Lieutenant Colonel Larry D. Williams, Captain Kathy J.M. Peluso* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by military judge alone at a general court-martial convened at Yongsan, Seoul, and Camp Humphreys, Korea. He was charged with conspiring to wrongfully distribute (with wrongful distribution as the overt act) approximately 27.-25 grams of methamphetamine, in violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881; and with wrongfully possessing and wrongfully distributing (one specification each) approximately 27.25 grams of methamphetamine, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He pled not guilty to all charges and specifications, but was convicted of both specifications charged under Article 134. He was acquitted of the conspiracy charged under Article 81.

Appellant was sentenced to confinement for 6 years, total forfeitures, reduction to pay grade E–1, and dishonorable discharge from the service. The convening authority approved the sentence as adjudged. The Court of Military Review set aside and dismissed the wrongful-possession offense (specification 1, Charge II), but affirmed

the findings of guilty for wrongful distribution (specification 2, Charge II), and the sentence. 22 M.J. 640, 643 (A.C.M.R.1986).

Appellant's petition was granted to consider:

WHETHER THE MILITARY JUDGE WAS DISABLED AS A FACTFINDER BY APPELLANT'S DISCLOSURE THAT NO ATTORNEY WOULD PRESENT APPELLANT'S DEFENSE AND BY DEFENSE COUNSEL'S REPEATED ATTEMPTS TO WITHDRAW, FAILURE TO QUESTION APPELLANT AS A WITNESS, AND FAILURE TO ARGUE APPELLANT'S TESTIMONY ON FINDINGS.

Here, we are confronted with the question of when a military judge must *sua sponte* recuse himself from sitting on a case. At the outset, we note that a request for trial by judge alone was made, the military judge opened himself to *voir dire*, and no challenge or motion for recusal was made at any time. *See United States v. Hawkins*, 24 M.J. 257, 259 (C.M.A.1987).

The Manual for Courts-Martial, United States, 1969 (Revised edition), in effect at the time of appellant's trial, makes no provision governing *sua sponte* recusal. However, Canon 3C(1), ABA Code of Judicial Conduct (1972), provided that "[a] judge should disqualify himself in a preceeding in which his impartiality might reasonably be questioned ...."

Paragraph 62*f* of the 1969 Manual did identify thirteen grounds for *challenging* military judges. Of these, only two even arguably relate to this case:

(10) That he [the military judge] has formed or expressed a positive and definite opinion as to the guilt or innocence of the accused as to any offense charged, *except that this shall not necessarily apply to a military judge who has formed or expressed such an opinion solely in his role as military judge sitting alone in a previous trial of the same or a closely related case.*

\*      \*      \*      \*      \*      \*

(13) *Any other facts indicating that he should not sit as a ... military judge in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality.* Examples of the facts which may constitute grounds for challenge are: That he will be a witness for the defense; that he testified or submitted a written statement in connection with the investigation of the charges, unless at the request of the accused; that he has officially expressed an opinion as to the mental condition of the accused; ... that he has a direct personal interest in the result of the trial; that he is in any way closely related to the accused; that he participated as a member or as counsel in the trial of a closely related case; that he is decidedly hostile or friendly to the accused ....

(Emphasis added.)

The Manual for Courts-Martial, United States, 1984, not yet in effect at the time of appellant's trial, specifically addresses self-disqualification of military judges. R.C.M. 902(a) states that "a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." However, where the ground for disqualification arises under this rule, as opposed to the specific grounds set forth in R.C.M. 902(b), "waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." R.C.M. 902(e).

Further, as the drafters of the 1984 Manual observed: "[A]ny interest or bias to be disqualifying must be personal, not judicial, in nature." Analysis of R.C.M. 902(b), A21–46 (citations omitted). A corollary to this principle is that "[a] timely request for trial by military judge alone should be granted unless there is substantial reason why, in the interest of justice, the military judge should not sit as factfinder." R.C.M. 903(c)(2)(B), Discussion.

Under both Manuals, the military judge's decision on recusal is subject to an abuse-of-discretion standard. *See United*

418

*States v. Soriano,* 20 M.J. 337, 341 (C.M.A. 1985); *United States v. Bradley,* 7 M.J. 332, 334 (C.M.A.1979); *United States v. Roberts,* 20 M.J. 689 (A.C.M.R.1985).

■ Appellant entered pleas of not guilty. Detailed defense counsel made several pretrial motions to withdraw, presented appellant's testimony on the merits in a narrative form, and did not argue all of appellant's testimony on findings. Even though this may "have inferentially signaled to the judge that" counsel "did not [personally] believe all of appellant's testimony was truthful," 22 M.J. at 641,* we agree with the Court of Military Review that appellant was not deprived of the effective assistance of counsel. *See Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

The issue we are now considering is the military judge's ability to disregard inadmissible matter. Had the judge been challenged for cause based upon defense counsel's actions, we would not have held that he abused his discretion in denying the challenge; much less do we hold that he abused his discretion in failing *sua sponte* to recuse himself.

Numerous Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions were held in this case as the military judge made every attempt to accommodate appellant in his search for individual defense counsel who would be "willing to state the facts no matter what the facts are." All defense counsel in Korea were made available to appellant, but he was nonetheless unable to find a lawyer who would present his case to his satisfaction. His detailed military defense counsel, Captain Eugene R. Milhizer, U.S. Army, moved to withdraw, stating that his reasons for doing so did not include any opinion as to appellant's guilt or innocence, but rather were based upon the fact that appellant had:

(1) "[R]epeatedly expressed or implied both publicly and privately his dissatisfaction with my representation of him";

(2) "[C]ontinued to refuse to accept our relative roles in the presentation of his case";

(3) "[R]efused to sign" counsel's "memorandums for record" and was "otherwise ... noncooperative";

(4) Made statements in contravention of counsel's advice; and

(5) Made statements "antagonistic" to counsel in a personal sense which presented an "appearance of compromising ... [counsel's] ability to zealously represent him." The military judge denied the motion.

At a later session, detailed counsel renewed his request to withdraw because appellant had filed a congressional inquiry which counsel felt might engender a breach of the attorney-client relationship. The motion was again denied.

After further unsuccessful efforts to obtain counsel with the "guts and gumption to come up here and state the facts," appellant informed the military judge that he did not want detailed defense counsel to represent him and he had not found another military or civilian attorney to represent him. At that point, the military judge ruled that appellant was representing himself and made detailed counsel available to him as a technical advisor. He also informed appellant that if, at any time during the trial, he wished to have a specific attorney represent him, including detailed defense counsel, it would not be "too late."

Appellant would not enter a choice of forum, so "by operation of law" a court-martial composed of officer members was selected to try him. Appellant refused to authorize detailed defense counsel to present any pretrial motions on his behalf, so, over appellant's objection, the military judge authorized counsel to argue the motions "as an *amicus curiae.*" Counsel vigorously argued three motions and was successful in suppressing appellant's confession.

---

* Unlike *United States v. Radford,* 14 M.J. 322 (C.M.A.1982), counsel's efforts to withdraw, in accordance with applicable American Bar Association Standards, did not contaminate the court-martial proceedings.

Ultimately, after these proceedings, appellant made a request for trial by military judge alone. The military judge made full disclosure of the fact that he had presided as the judge in the case of appellant's coaccused, Gibson, and that Gibson pleaded guilty to the charges, including a charge of conspiracy to distribute drugs which listed appellant as a participant. He also disclosed the findings and sentence he adjudged in that case. *See generally United States v. Lewis,* 6 M.J. 43 (C.M.A.1978). The judge then opened himself to *voir dire.* Neither appellant nor detailed defense counsel had any questions or a challenge for the judge. After entering pleas of not guilty, appellant asked to have detailed counsel "represent" him as his attorney. Counsel thereupon requested "to withdraw," but "decline[d] to be more specific" than to state that he and appellant had an "irreconcilable difference." The request was denied. Appellant then averred that, despite their "disagreements," he was "satisfied" to have detailed defense counsel represent him. Pleas of not guilty were reentered on appellant's behalf, and he reasserted his desire to be tried by military judge alone. Detailed defense counsel vigorously represented appellant, but he presented appellant's testimony on the merits without examining him, and he did not argue all of appellant's testimony on findings. However, at no time did counsel state that he "disbelieved his client's ... testimony." *Cf. United States v. Roberts, supra* at 691.

We agree with the opinion of Senior Judge Wold that

> a military judge can be relied on to either disregard the fact that a counsel disbelieves his client's testimony or take appropriate action if such "evidence" would affect his deliberations.

Judge Wold went on to state:

> [W]e are confident that military judges appreciate the overriding imperative of fairness and will resort to recusal, mistrial, or requiring trial by members when such measures are necessary to insure a fair trial.

22 M.J. at 642. *See also United States v. Kinman,* 25 M.J. 99, 102 (C.M.A.1987) (Cox, J., dissenting).

There has been no allegation of any personal bias on the part of the military judge in this case. Therefore, based upon our careful review of the record, including the fact that the military judge acquitted appellant of one of the charges and adjudged a sentence considerably more lenient than that authorized under the 1969 Manual, *supra,* we hold that the judge's failure to *sua sponte* recuse himself did not result in prejudice to appellant. We find that, under the circumstances of this case, the military judge was not disabled as a factfinder and was not required to recuse himself.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.