UNITED STATES

v.

Gary T. MILLER, 514–56–7366,
Signalman Chief (E–7),
U.S. Navy.

NMCM 95 01228.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 12 Oct. 1994.

Decided 22 July 1998.

LT Estela I. Velez, JAGC, USNR, Appellate Defense Counsel.

LT James R. McFarlane, JAGC, USNR, Appellate Government Counsel.

Before OLIVER, Chief Judge, CLARK, Senior Judge, and LEO, Appellate Military Judge.

LEO, Judge:

A military judge sitting as a special court-martial found the appellant guilty, consistent with his pleas, of a four-day unauthorized absence, cocaine use, and an assault consummated by a battery in violation of Articles 86, 112a, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, 928 (1994) [hereinafter UCMJ]. The appellant was sentenced to confinement for 2 months and a bad-conduct discharge. The convening authority approved the findings and sentence, but suspended all confinement in excess of 30 days in accordance with the pretrial agreement.

We have examined the record of trial, the assignments of error,[1] and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

1. I. THE MILITARY JUDGE VIOLATED HIS DUTY TO MAINTAIN IMPARTIALITY WHEN, WHILE STILL PRESIDING OVER THE CASE, HE HAD AN *EX PARTE* CONVERSATION WITH DEFENSE COUNSEL IN WHICH HE MADE DEROGATORY REMARKS ABOUT APPELLANT. (Footnote omitted.)

II. APPELLANT WAS DENIED DUE PROCESS IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

III. APPELLANT'S PLEAS WERE IMPROVIDENTLY MADE AND RECEIVED BY THE COURT WITHOUT DISCLOSURE OF THE *SUB ROSA* AGREEMENT BETWEEN APPELLANT, TRIAL DEFENSE COUNSEL, TRIAL COUNSEL AND THE CONVENING AUTHORITY, THAT IN ORDER TO PROCEED WITH THE COURT MARTIAL ON 12 OCTOBER, APPELLANT HAD TO GIVE UP HIS RIGHT TO ENLISTED MEMBERS AND TO CHALLENGE THE MILITARY JUDGE. THE FORMER BEING A RIGHT THAT COULD NOT BE WAIVED BY APPELLANT. (*Citations omitted.*)

IV. APPELLANT'S PLEA TO CHARGE I, UNAUTHORIZED ABSENCE, IS IMPROVIDENT WHERE APPELLANT'S ABSENCE COVERED A

## BACKGROUND

On 12 September 1994, the appellant was arraigned before the military judge. Reserving pleas, he elected to be tried before members. A trial date was set for 29 September 1994. On the day of the trial, the appellant suffered a drug overdose and was medically evacuated to the National Naval Medical Center, Bethesda, Maryland. He was subsequently tried on 12 October 1994. At this session, the appellant amended his forum selection and elected to be tried by military judge alone. Pursuant to a pretrial agreement, he pled guilty to all charges and specifications.

The trial defense counsel did not conduct voir dire or challenge the military judge. However, in a detailed memorandum signed and dated 11 October 1994,[2] the appellant indicated that he had been fully advised by his counsel that, in exchange for the pretrial agreement and his command electing not to proceed on additional charges,[3] he must waive his right to a trial by members and his right to challenge the military judge, that the military judge had made certain comments which "may or may not demonstrate a bias" against the appellant's interests, that he was fully satisfied with the advice of his counsel, and that he nonetheless "freely and volun-

FOUR–DAY PERIOD DURING WHICH APPELLANT WAS IN A CIVILIAN HOSPITAL FOR TREATMENT OF AN ILLNESS. THE MILITARY JUDGE IN HIS PROVIDENCE INQUIRY FAILED TO QUESTION APPELLANT AS TO THE NATURE OF THE ILLNESS AND PROPERLY ASSESS IF APPELLANT HAD A LEGAL DEFENSE TO THE UNAUTHORIZED ABSENCE. (Citations omitted.)

2. The memorandum was apparently prepared by appellant's trial defense counsel to memorialize her discussions with the appellant. Whether it was retained by counsel or the appellant is not known. In any event, neither the memorandum or its contents were disclosed at trial to the military judge.

3. The pretrial agreement contained the following provision: "That in exchange for my pleas of guilty to the charges below, the Convening Authority agrees not to prefer and refer any charges involving adultery, larceny or wrongful appropriation of any tangible property as well as any other UA and drug infractions to any type of Court–Martial or NJP proceedings." Appellate Exhibit II, at 2.

tarily" elected to be tried before this military judge and waive his right to be tried before members. Request for Clemency of 9 Oct 1996, encl. (2).

The appellant and the Government argue the first three assignments of error by reference to post-trial affidavits of the appellant and the trial counsel. *See* Motion to Attach Documents of 9 Dec. 1997 (Affidavit of Daryl A. Mundis of 6 Nov 1997); Request for Clemency of 9 Oct 1996, encl. (1) and (2). None of the issues were raised below.

■ The Court of Appeals for the Armed Forces recently set forth principles that apply when parties submit post-trial claims and attempt to litigate them by affidavit. *United States v. Ginn*, 47 M.J. 236 (1997). In *Ginn*, the court noted that "Congress intended a Court of Criminal Appeals to act as a factfinder in an appellate-review capacity and not in the first instance as a trial court." *Id.* at 242. Consequently, "Article 66(c) does not authorize a Court of Criminal Appeals to decide *disputed questions of fact* pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." *Id.* at 243 (emphasis added).

## BIAS OR PREJUDICE OF MILITARY JUDGE

In his first assignment of error, the appellant argues that the military judge violated his duty of impartiality by making derogatory remarks about the appellant while still presiding over the case.[4] Even though the affidavits are in agreement that something inappropriate was said at the time of the appellant's medical evacuation to Bethesda, the recollection of the parties as to the exact words which were used by the military judge

concerning the appellant's demise vary somewhat. Additionally, the Government is unable to confirm or deny the appellant's allegation that the military judge characterized him as "a cocaine addict and a manipulator of the system."

Due to the passage of time since these statements were allegedly made, we are convinced that no useful purpose would be served by remanding the issue for a *DuBay* hearing. See *Ginn*, 47 M.J. 236. Since it was not raised as an issue at trial, it is unlikely that the military judge would recollect the event, and the whole of the trial defense counsel's recollection is undoubtedly memorialized in the appellant's written acknowledgement and waiver of 11 October 1994, which was prepared the day before trial. Therefore, applying the first principle set forth by our superior court in *Ginn*, we look to see whether or not the appellant would be entitled to relief even if the facts in dispute were resolved in his favor.[5]

■ The appellant contends that the challenged comments indicate a "personal bias or prejudice" by the military judge against him and, therefore, the military judge should have disqualified himself from the court-martial. RULE FOR COURTS-MARTIAL 902(b)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.]. As the appellant notes, an accused cannot waive grounds for disqualification under R.C.M. 902(b)(1). R.C.M. 902(e).

"The standard for deciding the Manual judicial-disqualification question is the same as that provided in the Federal judicial-disqualification statute ( [28 U.S.C.] § 455) upon which it is based." *United States v. Mitchell*, 39 M.J. 131, 143 (C.M.A.1994).[6]

---

**4.** The appellant's account varies as to the exact content of the disparaging comments:

"On 11 October 1996 [sic], I was informed by LT Force that the Military Judge had said that he wished I was dead, or words to that effect." Request for Clemency of 9 Oct 1996, encl. (1).

"CAPT Freyer, the military judge, stated that I was a cocaine addict and a manipulator of the system. Upon learning of my being medi-vaced [sic] to the Naval Hospital in Bethesda, MD, the military judge also stated that maybe I'd die." Request for Clemency of 9 Oct 1996, at encl. (2).

According to the prosecutor, who was present for the latter statement, the military judge stated,

"Perhaps he will OD and die, and then we won't have to worry about this case." Affidavit of Daryl A. Mundis of 6 Nov 1997.

**5.** "First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis." *Ginn*, 47 M.J. at 248.

**6.** R.C.M. 902(a), which addresses instances in which a military judge's impartiality may reasonably be questioned, and R.C.M. 902(b)(1), which specifically addresses personal bias or prejudice

"[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases" may support a bias or partiality challenge "if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).[7]

The term "personal bias or prejudice" as proscribed in 28 U.S.C. §§ 455(b)(1) is not intended to divide bias and prejudice into "the personal kind, which is offensive, and the official kind, which is perfectly all right." *Liteky,* 510 U.S. at 549, 114 S.Ct. 1147 (quotations omitted). "[T]hese are pejorative terms, describing dispositions that are *never* appropriate." *Id.*

> The words [bias or prejudice] connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess (for example, a criminal juror who has been biased or prejudiced by receipt of inadmissible evidence concerning the defendant's prior criminal activities), or because it is excessive in degree (for example, a criminal juror who is so inflamed by properly admitted evidence of a defendant's prior criminal activities that he will vote guilty regardless of the facts).

*Id.* at 550, 114 S.Ct. 1147.

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes

display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Id.* at 555–56, 114 S.Ct. 1147.

This court has previously observed that "[a] judge is presumed to be qualified and so the burden placed upon the party seeking disqualification is substantial in proving otherwise." *United States v. Allen,* 31 M.J. 572, 601 (N.M.C.M.R.1990), *aff'd,* 33 M.J. 209 (C.M.A.1991).[8] "We are not willing to find personal interest or bias without some evidence that indicates its presence. The claim must be supported by *facts* which would raise a reasonable inference of lack of impartiality [on the part of] the judge in the context of the issues presented for his consideration.'" *Allen,* 31 M.J. at 602 (quoting *United States v. Corr,* 434 F.Supp. 408, 413 (S.D.N.Y.1977)).

Assuming arguendo that the military judge uttered the words attributed to him by the appellant, his comments were intemperate and inappropriate. At most, however, they reveal an impatience and frustration with an unplanned delay in a scheduled court-martial proceeding. These comments alone do not reasonably suggest that the military judge held such "deep-seated and unequivocal antagonism" towards the appellant as to make "fair judgment impossible." *Liteky,* 510 U.S. at 556, 114 S.Ct. 1147. Moreover, the record of trial itself reflects no overt hostility by the military judge towards the appellant and the sentence which he awarded was neither excessive nor inappropriate for these offenses and this offender. Accordingly, "[h]ad the judge been challenged for cause ..., we would not have held that he abused his discretion in denying the

---

or personal knowledge of disputed evidentiary facts, are virtually identical to 28 U.S.C. §§ 455(a) and 455(b)(1).

7. The Government's reliance upon the "extrajudicial source" doctrine in its brief fails to note the clear statement of the Supreme Court in *Liteky* that "it is the only *common* basis, but not the exclusive one [for judicial disqualification], since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate." *Liteky,* 510 U.S. at 551, 114 S.Ct. 1147.

8. If we were to find that the military judge was biased or prejudiced towards the appellant, he would be mandatorily disqualified under R.C.M. 902(b)(1). "[W]hen a trial judge is *disqualified,* all the judge's actions from that moment on are void—except for those immediately necessary to assure the swift and orderly substitution of judges." *United States v. Sherrod,* 26 M.J. 30, 33 (C.M.A.1988).

**794**

challenge; much less do we hold that he abused his discretion in failing *sua sponte* to recuse himself." *United States v. Elzy*, 25 M.J. 416, 418 (C.M.A.1988). Therefore, this assignment of error is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The appellant next contends that his trial defense counsel was ineffective because she advised him to waive his right to challenge a military judge who showed clear bias towards the appellant and failed to voir dire the military judge as to the nature and substance of his remarks. Our discussion of the first assignment of error is substantially dispositive as to the issue of bias or prejudice. Additionally, under the circumstances, we do not believe that the trial defense counsel's performance was deficient.

Recognizing that the appellant's command was in a disadvantaged negotiating position, the trial defense counsel astutely negotiated on the appellant's behalf a very favorable pretrial agreement which limited confinement to 30 days and barred the convening authority from referring additional, and potentially more serious, charges to a court-martial or captain's mast in return for expediting the disposition of this case before a military judge alone with this military judge presiding. *See* Affidavit of Daryl A. Mundis of 6 Nov 1997.

## SUB ROSA AGREEMENT

With respect to the alleged sub rosa agreement, we note that the appellant and both counsel told the military judge on the record that the pretrial agreement constituted the entire agreement between the appellant and the convening authority. Record at 38–39.

We place great weight on such in-court statements in light of counsels' presumed integrity and clear legal and ethical obligations.... Absent evidence to the contrary, and in light of the lack of any averment of appellant's misunderstanding of any portion of the plea bargain, appellant is held to his in-court assertions.

*United States v. Kelly*, 32 M.J. 835, 838 (N.M.C.M.R.1991) (citations and footnote omitted).

If we read the appellant's summary assignment of error correctly, his suggestion that he was forced to waive his right to trial before members is simply unsupported by any credible evidence. It is clear that he freely elected to have a bench trial before this military judge, in lieu of a trial before members (as permitted by R.C.M. 903), in order to capitalize on a favorable pretrial agreement his trial defense counsel negotiated on his behalf and with his consent.

## IMPROVIDENT PLEA

Finally, the appellant contends that his plea to the unauthorized absence offense was improvident because the military judge failed to question the appellant to assess whether he had a legal defense to the charge. The appellant was in the hospital for part of the period of his unauthorized absence, and he argues that the illness that landed him there may have constituted a defense.

For this court to find a plea improvident, the record of trial must "show a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). The mere possibility of a defense is not enough; the defense must be "reasonably raised" by the accused's testimony during the providence inquiry. *United States v. Roane*, 43 M.J. 93, 98–99 (1995) (citing *United States v. Logan*, 22 C.M.A. 349, 351, 47 C.M.R. 1, 3, 1973 WL 14641 (1973)).

In this case, the appellant testified that he was already an unauthorized absentee when he entered the hospital. Record at 25. When he felt ill, he could have gone to the naval base or the medical clinic, but he consciously chose to go to a civilian hospital instead. Record at 25, 27–28. We find no substantial basis to question the appellant's guilty plea, and we find that all of his pleas were providently made.

## CONCLUSION

Accordingly, we affirm the findings and the sentence, as approved on review below.

Chief Judge OLIVER and Senior Judge CLARK concur.