# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, CAMPANELLA, and HERRING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant TIMOTHY R. SLACK**
**United States Army, Appellant**

ARMY 20150352

Headquarters, III Corps and Fort Hood
Wade N. Faulkner, Military Judge
Colonel Ian G. Corey, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief); Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief in response to specified issue).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A. G. Courie III, JA; Major Michael E. Korte, JA; Captain Tara O'Brien Goble, JA (on brief).

13 March 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Senior Judge:

In this case, we hold that the military judge was not disqualified under Rule for Courts-Martial [hereinafter R.C.M.] 902 as a result of his duties during his tenure as the Chief of Justice (CoJ), III Corps, prior to presiding over appellant's case as a military judge.

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of conspiracy to commit aggravated sexual assault and an indecent act, one specification of sexual assault, and one specification of indecent conduct, in violation of Articles 81 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 920 (2006 & Supp. IV) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, three months of confinement, and a reprimand.

SLACK—ARMY 20150352

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which requires neither discussion nor relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

This court, however, specified one issue requiring discussion, but no relief. This court asked whether the military judge was disqualified under R.C.M. 902 from presiding as a military judge in appellant's case as a result of being the CoJ at III Corps and Fort Hood while the offenses committed by appellant were under investigation by Army criminal investigators.

## BACKGROUND

*The Sexual Assault and Investigation*

On 24 February 2012, HW, a twenty-one year old college student, went out with her friend, MS, to patronize local bars in Austin, Texas. After visiting several bars and consuming several drinks, HW became extremely drunk. At the last bar the pair visited, HW and MS became separated. HW left the bar with three men: appellant; Staff Sergeant (SSG) Dumas; and SSG Davis. The men drove HW to a local hotel. Once inside the hotel room, the men removed HW's clothes and sexually assaulted her. HW testified that she was too drunk to protest.

The next morning, HW took a cab home and eventually reported to her mother that she had been raped. Her mother and aunt reported the rape to the Austin Police Department (APD). When HW reported the rape to authorities, the identities of the three man were *unknown*.

In March 2012, the APD notified Army Criminal Investigation Command (CID) of their investigation into HW's report when they identified SSG Dumas, a Fort Hood soldier, as the person who booked the room where the rape occurred. SSG Dumas was a soldier assigned to 1st Army Division West, Fort Hood.[1]

On 20 September 2012, the Travis County District Attorney's Office issued a warrant of arrest and opined that probable cause existed to believe SSG Dumas committed the offense of sexual assault. The CID reports do not indicate that military trial counsel ever gave opinions as to probable cause in these cases. Rather, CID appears to have relied on the Travis County District Attorney's Office probable cause determination.

---

[1] 1st Army Division West has a separate GCMCA from III Corps, Fort Hood.

In October 2012, appellant changed duty stations from 82nd Field Artillery Regiment, 1st Cavalry Division, Fort Hood, Texas to 428th Field Artillery Brigade, Fort Sill, Oklahoma.

On 20 December 2012, CID interviewed SSG Dumas about the rape. He named appellant and SSG Davis as the two soldiers with him in the hotel room that night. At the time the two additional suspects were identified, SSG Davis was assigned to the 1st Cavalry Division, Fort Hood, but appellant had since changed duty stations to Fort Sill, Oklahoma.

On 25 January 2013, at the request of the APD, Fort Sill military criminal investigators questioned appellant about the rape. The criminal investigators then updated appellant's Fort Sill chain of command on the status of the investigation.

On 12 March 2013, the Travis County District Attorney's Office issued a warrant of arrest and opined that probable cause existed to believe appellant committed the offense of sexual assault.

CID issued its Final Report of Investigation on 19 March 2013 and distributed the report to members of the offices of the staff judge advocates (OSJA) of III Corps, 1st Army Division West, 1st Cavalry Division, and Fort Sill. This report listed as suspects: SSG Davis of 1st Cavalry Division, Fort Hood, TX; SSG Dumas of Division West, Fort Hood, TX, and SSG Slack of 428th Field Artillery Brigade, Fort Sill, OK.

*Status of the Military Judge During the Investigation*

Lieutenant Colonel (LTC) Wade Faulkner, the military judge in appellant's case, was CoJ for III Corps and Fort Hood from July 2011 to late June 2013. Lieutenant Colonel Dan Everett was his successor as III Corps CoJ. The government obtained affidavits from both to address the question specified by this court.

In his affidavit, LTC Faulkner asserted that when he became the military judge, he had no recollection of the facts of this case. To determine if he was ever made aware of appellant's case in the normal course of handling III Corps matters, LTC Faulkner checked the III Corps military justice tracking tool he used when he was the CoJ to determine if appellant's case was listed therein, and perhaps to refresh his recollection. Lieutenant Colonel Faulkner determined appellant's name was not on his case tracker.

In his affidavit, LTC Everett indicated that at the time the final CID report was issued, none of the three accused soldiers were assigned to a III Corps unit– accordingly, it would highly unlikely that any of the three cases would have appeared on LTC Faulkner's case tracker. Lieutenant Colonel Everett indicated that

by chance, he became aware of appellant's case after becoming the CoJ when the Fort Hood senior defense counsel (SDC) contacted the III Corps OSJA complaining about the pending administrative separations facing SSG Dumas and SSG Davis. Appellant was not mentioned because he had already changed duty stations. The III Corps SJA forwarded the email to LTC Everett asking about whether he was tracking the cases–which he was not.

As a result of receiving this information, III Corps halted the administrative separations of SSG Davis and SSG Dumas and arranged to have all three soldiers reassigned to III Corps so that all three cases could be handled together. Appellant's reassignment to Fort Hood was effective 10 January 2014.

Over a year later, the government preferred and referred charges against appellant. On 20 February 2015, appellant's court-martial began. Judge Faulkner presided.

Judge Faulkner did not disclose on the record that he had previously served as the III Corps CoJ prior to serving as a military judge. He stated on the record that he was not aware of any grounds for challenge against him. Both sides declined to question or challenge him. Appellant elected to be tried by an officer panel.

## LAW AND DISCUSSION

We review a military judge's decision as to disqualification under R.C.M. 902 for an abuse of discretion. *United States v. Quintanilla*, 52 M.J. 839, 849-50 (Army Ct. Crim. App. 2000) (citing *United States v. Rivers*, 49 M.J. 434, 444 (C.A.A.F. 1998); *United States v. Elzy*, 25 M.J. 416, 417 (C.M.A. 1988); *Liteky v. United States*, 510 U.S. 540, 557 (1995) (Kennedy, J., concurring in judgment) ("a judge should be disqualified only if it appears that he or she harbors an aversion, hostility, or disposition of a kind that a fair-minded person could not set aside when judging the dispute"). The burden of demonstrating a disqualification is on the party requesting such disqualification. *Id*. A reasonable factual basis must be established; surmise or conjecture is not sufficient. *Id*.

It is axiomatic that "[a]n accused has a constitutional right to an impartial judge." *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001) (quoting *United States v. Wright*, 52 M.J. 136, 140 (C.A.A.F. 1999)). R.C.M. 902 implements this rule and "provides two bases for disqualification of a military judge." *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011). The first basis is a military judge's duty to "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." R.C.M. 902(a). The second basis involves the specific, enumerated circumstances requiring disqualification,

under R.C.M. 902(b).[2]  Appellant argues it is the second circumstance that applies to his case:

> (2)  Where the military judge has acted as counsel, investigating officer, legal officer, staff judge advocate, or convening authority as to any offense charged or in the same case generally.

Appellant argues R.C.M. 902(b) was violated when LTC Faulkner acted as the supervising counsel for III Corps during the Army CID investigation into appellant's criminal activity.  Appellant further asserts LTC Faulkner failed to disclose this potential ground for challenge under R.C.M. 902(a) and (e), thereby creating the appearance of bias.  We disagree on both counts based on the reasons herein.

*Acted As Counsel under R.C.M 902(b)*

We find no evidence that LTC Faulkner, or the personnel he supervised, took official action on appellant's case.  In fact, the only evidence provided to indicate LTC Faulkner had any knowledge of this case during his tenure as CoJ would have been as a result of receiving the final CID report in March 2013.  At this point in time, however, all three soldiers were assigned to units outside the III Corps GCMCA jurisdiction.  Lieutenant Colonel Faulkner indicated that, as a matter of course, he did not read the CID reports but rather would dispatch them to the corresponding trial counsel in that jurisdiction.  Accordingly, none of these three cases were added to LTC Faulkner's III Corps case tracker.  He would not have had any reason to receive or give briefs on the cases or to impart advice.

This case is distinguishable from *United States v. Schafer*, ARMY 20140245, 2016 CCA LEXIS 429, at *9 (Army Ct. Crim. App. 28 Jun. 2016) wherein this court found that LTC Faulkner had acted "as counsel" under R.C.M. 902(b)(2) and (3) because, in the case of a soldier assigned to III Corps, he was actively involved in the preferral and referral process of Schafer's case and appeared to have made recommendations on the charging decisions.  That was not the case here.  In fact, the preferral and referral occurred over a year after LTC Faulkner became a military judge.

Based on the evidence before us, we conclude neither LTC Faulkner nor any of the personnel he supervised at III Corps had any involvement in the investigation, preferral or referral of these three cases during his tenure as the Chief of Justice.

---

[2] These specific grounds are based on 28 U.S.C. § 455(b).  *See* R.C.M. 902 analysis at A21-53.

*Appearance of Impartiality under R.C.M 902(a)*

We next look to whether LTC Faulkner had a duty to disqualify himself in this case because his impartiality might reasonably be questioned. *See* R.C.M. 902(a).

The evidence indicates LTC Faulkner was not tracking appellant's case, nor was he giving guidance to those he supervised concerning the prosecution of appellant, SSG Davis or SSG Dumas. In fact, the circumstances that brought these three cases to III Corp's attention, (namely an email from the Fort Hood SDC to the III Corps SJA), came to light after LTC Faulkner had already become a military judge. Given that we have no evidence before us to conclude LTC Faulkner had any specific knowledge of this case, we see no reasonable factual basis to reasonably question his impartiality. *Quintanilla*, 52 M.J. at 850.

This case is distinguishable from *United States v. Keen*, 2016 CCA LEXIS 616, at *5 (Army Ct. Crim. App. 20 Oct. 2016) wherein this court set aside the conviction on R.C.M. 902(a) grounds. In *Keen*, the appellant was assigned to a unit within the III Corps GCMCA and the military judge, who had previously served as the CoJ, previously supervised the trial counsel who gave the probable cause opinion. Additionally, the appellant in *Keen* was listed on the CoJ's tracker. There, the military judge did not disclose his prior position as CoJ, thereby precluding a possible waiver by Keen. In this case, LTC Faulkner did not disclose his prior position as III Corps CoJ, but appellant was not assigned to a unit within the III Corps GCMCA, the attorneys giving the probable cause opinion did not work for the III Corps CoJ, and appellant's case was not on the CoJ's case tracker. We conclude there is no reasonable basis to question the military judge's impartiality.

Based on the foregoing, we find the military judge did not abuse his discretion because there was no reasonable factual basis for disqualification under R.C.M 902(a) or R.C.M 902(b).

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6